## SHULER v. DUTTON.

**Sale:** WRITTEN CONTRACT: INDEFINITE DESCRIPTION: PAROL TO AID. D. and Y. were partners, and as such owned a livery stock and barn, and also a stallion and a separate barn in which he was kept, and accounts due for his services. D. sold to plaintiff, describing the property in the written contract as follows : " The undivided one-half interest in the livery stock, horse, buggies, etc., of D. & Y." *Held* in an action by plaintiff to reform the contract, and to establish his ownership thereunder of one-half of all the firm property of D. & Y., that parol evidence was admissible to show the surrounding circumstances and the conduct of the parties, and thereby apply and ascertain the meaning of its uncertain terms (*County of Des Moines v. Hinkley*, 62 Iowa, 637 ); and that, this being done, it appears that the word "horse" in the contract referred to the stallion, and "etc." to the barn in which he was kept and the accounts for his services ; and that plaintiff was properly entitled to relief accordingly.

*Appeal from Grundy District Court.*—HON. C. F. COUCH, Judge.

FILED, SEPTEMBER 8, 1888.

ACTION to establish plaintiff's ownership of certain personal property, and to reform a written contract for the sale thereof by the defendant to the plaintiff. The relief asked was granted, and the defendant appeals.

*H. L. Huff* and *Rea & Hayes*, for appellant.

*M. J. Thompson* and *Boies, Husted & Boies*, for appellee.

SEEVERS, C. J.—The defendant and one Yatter were partners, and as such owned a livery stock consisting of horses, buggies, etc., and also a barn, stallion, and certain moneys due them for the service of the latter. The plaintiff claims to have purchased said property. He claims that the contract was oral, but was reduced to writing, and that the writing does not in

specific and apt terms describe the property so that it can be identified.  He further claims, however, that the property can, by parol evidence in aid of the writing, be accurately ascertained, and, this being done, he asks that his title thereto be established and confirmed.  He further claims that by mistake the property was not properly described in the writing, and he asks that it be reformed, and the same measure of relief granted him.  These claims of the plaintiff are sufficiently stated in the petition and amendments thereto, the allegations of which are denied by the defendant.  There is some controversy in relation to the description of the property in the written contract, and the original has, by consent of parties, been certified to and is now before us, and we find the property described therein as follows :  " I do hereby sell to Chris. C. Shuler the undivided one-half interest in the livery stock, horse, buggies, etc., of Dutton & Yatter."  This contract was signed by both parties.  The partnership then owned several horses, buggies, wagons, sleighs, harness, etc., used in the livery business, and also a stallion not so used, which was kept in a separate barn, and also moneys due for his service.  The only question is whether the stallion, moneys due for his service, and barn, were included in the contract as made ; and whether, if not sufficiently described in the writing, parol evidence is admissible to point out and identify it.  The evidence is voluminous, and a careful consideration of it satisfies us that the oral contract which preceded the writing embraced and included the defendant's interest in all the partnership property, including the stallion, barn, and moneys due for service.  We do not deem it necessary to set out the evidence.  We feel well satisfied that our conclusion is correct.  It is true, this property is not accurately or sufficiently described in the written contract.  There were, we believe, seventeen horses used in the livery business.  The term " livery stock," it is conceded, sufficiently indicates them.  This being so, to what does the word "horse" apply ?  Certainly not to those used in the business.  The partnership owned but one other

horse, and that was the stallion ; and we have no doubt that the horse referred to in the written contract was the stallion.   There was sold the undivided interest of the defendant "in the livery stock, horse, buggies, etc., of Dutton & Yatter."   What was meant by the term "etc.," of Dutton & Yatter?   It certainly refers to something owned by the partnership.   The "livery stock" is sufficiently expressive as to include all the property used in that business.   It is difficult to conceive from the writing alone that it means anything less than the interest of the defendant in the partnership property.   Upon looking into the evidence, whatever doubt there may be on this subject is dispelled.   We think the parties so intended and understood, and that, when the written contract is read in the light of the surrounding circumstances and the subject-matter, there is no doubt that the plaintiff purchased, and the defendant sold, all the interest of the latter in the partnership property of Dutton & Yatter.   It is always competent, we think, to show by parol the surrounding circumstances, and the conduct of the parties, and thereby apply and ascertain the meaning of words and terms in a written contract which, on its face, is indefinite and uncertain.   2 Pars. Cont. 694 ; *County of Des Moines v. Hinkley*, 62 Iowa, 637.   The judgment of the district court is                                 . AFFIRMED.