ELIZABETH COLLINS, Appellant, v. JOHN C. PHILLIPS *et al.*

**Trust Declaration: Construction: HEIR.**  A writing provided that the beneficiary of a trust fund should draw nothing but the interest on the same during the life of her husband, and left the fund to others if she died without "heir."   The donee died without children, leaving as sole heirs her husband, and a mother whom donor had never seen.   He habitually used "heir" and "child" as synonyms. The writing is not self explaining and is ambiguous in other respects.  *Held,* parol is here admissible to fix the amount of the trust fund and to point out the persons entitled thereto.   The word "heir" as here used means "child."

**Trust Fund: Title in Beneficiary.**  Where notes are indorsed to a trustee "for the use of" another, the title is in the trustee, though the indorsement does not state the nature of the trust.

*Appeal from Appanoose District Court.*—HON. E. L. BURTON, Judge.

SATURDAY, MAY 19, 1894.

This controversy involves the ownership of certain trust funds which are in the hands of the defendant, J. C. Phillips. The action is in equity, and it was found that the plaintiff was not entitled to any part of the funds, and that certain interveners in the action had no claim on the same. The plaintiff and the interveners appeal.—*Affirmed.*

*Steele & Livingston* for plaintiff, appellant.

*T. M. Fee* for interveners, appellants.

*H. Tannehill* and *C. W. Vermilion* for appellee.

ROTHROCK, J.—I. The suit is founded upon a certain instrument in writing, which is in these words:

"CENTERVILLE, IOWA, February 8, 1884.
"*J. Phillips.*

"SIR: I wish to say to you, in regard to the money that I have placed in your hands for the use and benefit of Ella Cole, that as long as she remains the wife of Ed Cole, that it is my wish that you should pay her each year, or oftener, as you may think best, such interest as you may be able to pay from the money secured from me for that purpose, but none of the principal as long as she remains his wife.

"[Signed]                          B. BOWEN.

"If the said Ella Cole should die, and the principal still on your hands, and leave no heir, that $500 of the trust shall be kept at interest for your son, Bowen Phillips, until he is twenty-one years of age, and then to pay to him. The remainder, one half to yourself and wife. The other half I wish you to give, in your judgment, to worthy charities.

"[Signed]                          B. BOWEN.
"February 22, 1884."

It is apparent that this instrument does not explain itself. It does not name the amount of money in the hands of the defendant Phillips. It is absolutely necessary, in order to enforce the trust, that parol evidence be resorted to, not only to fix the amount of the trust funds, but to point out the persons entitled thereto. It appears from the evidence that Ella Cole, named in the said instrument, was the illegitimate child of the plaintiff, and that when she was three or four years old the plaintiff gave the child to one Pratt, who took her into his family, where she grew up to womanhood. B. Bowen was an unmarried man of very considerable wealth. He made his home with said Pratt, and became greatly attached to Ella Cole by reason of her kindness to him, and he was desirous of making some provision for her in the way of money. The mother of Ella Cole never visited her after she gave her to Pratt. She never saw her but once, and then she merely met her driving on the road, and they passed by without speaking. When the child arrived at proper age, she married E. J. Cole, with whom she lived for some years and died, leaving Cole surviving her. She never had any children. For some years prior to the date of the written instrument, a copy of which is above set out, Bowen gave to Phillips certain sums of money, to be by said Phillips loaned out for the benefit of Ella Cole. The amount of these several sums, with interest, was conceded by the parties to this suit to be three thousand, five hundred and forty dollars. The several sums paid over by Bowen to Phillips were loaned on mortgage security in the name of Bowen, and afterward the notes and mortgages were assigned by Bowen to Phillips for the sole use and benefit of Ella Cole. Bowen died in the year 1882, and Ella Cole died in the year 1889. The plaintiff claims that she is entitled to the trust fund because she is the heir of Ella Cole. E. J. Cole, her surviving

husband, intervened in the action, and claimed that, after the payment of the debts of the deceased, he is entitled to one half of her estate; and the intervener Levi Loyd, who is administrator of the estate of Ella Cole, claims that said funds belong to said estate, and that it should be paid over to him, to be disposed of as property of the estate. It is claimed in behalf of the interveners that the assignment of the notes and mortgages to Phillips for the use of Ella Cole passed the legal title thereof to her, and that it was not charged with a trust. We think it is quite plain that this is an erroneous view of the rights of the parties. The very form of the assignments show that the instruments and the money they represented were held in trust by Phillips for Ella Cole. It is true, the indorsements do not explain the nature of the trust. But the evidence shows, beyond all question, that Bowen intended that the fund should remain in trust, and the writing above set out was the instrument by which that intention was made manifest.

II. The material question in the case is whether it is competent to construe the word "heir" in the written instrument as meaning a child, and not heir or heirs such as mother or husband. We have said that this instrument can not be understood and become operative without considering the subject to which it applies, and all the surrounding circumstances. It is plain that Bowen did not regard the husband as an heir, because the instrument itself provides that none of the principal should be paid to her as long as she remained the wife of Cole. This plainly manifests an intent that Cole should have none of the principal. It further appears that Bowen did not know the plaintiff. And then, again, it is shown that Bowen was in the habit of using the words "heir" and "child" as synonyms, and interchangeably. We do not disregard the principle, contended for by coun-

sel for appellants, that, where the meaning of language is plain and unambiguous in a writing like this, it is incompetent to show by parol that some other meaning was intended than that which the words plainly import. There is no doubt of the correctness of that principle.

But we do not think that rule is applicable to this instrument. As we have said, it is absolutely necessary that parol evidence be introduced to make it effective; and when that was done and the court put in the position of the parties to the instrument, with all their surroundings, we think the word "heir" should be considered the same as "child." The fact is that Bowen did not regard her as the child of any one. He spoke of her as his little waif. We have disposed of this case without the citation of authority. It is enough to refer to the well established principle that, where a writing or contract is indefinite, it is always allowable to consider the facts and circumstances surrounding the parties thereto in construing the instrument and arriving at the intention of the parties. The decree of the district court is AFFIRMED.