A. WALLACE v. JAMES RYAN, Appellant.

**Pleading:** CONTRACTS. Plaintiff sought to recover one hundred and twenty-five dollars upon the following written contract signed by plaintiff and defendant and set out in the petition: Defendant "promised the sum of $125 for the use of Lady W., by Rendeston, brown mare, bred to Riando W., or the privilege of paying for the surface of the horse when noing of being with colt. I agree to take good care of mare and colt." The pleading states further that the defendant agreed to pay $125 for said use, that the mare was bred to W., that the defendant has had the use of the mare and has failed to pay for said use, under the contract. *Held*, on demurrer, the writing does not embody the whole contract, and is but a memorandum which might properly be explained by parol proof of the circumstances stated in the petition, and that construed by their aid, the contract was not void for uncertainty.

PAYMENT. The plaintiff was not bound to negative payment for the service of the stallion. Such election was, rather, a defense.

*Appeal from Muscatine District Court.*—HON. W. F. BRANNAN, Judge.

TUESDAY, DECEMBER 18, 1894.

Action at law to recover for the use of a horse. The defendant demurred to the petition, and the demurrer was overruled, and defendant refusing to plead further, the court rendered judgment against defendant, and he appeals.—*Affirmed.*

*Detwiler & Doran* for appellant.

*Jayne & Hoffman* for appellee.

Deemer, J.—The petition, which we set out in full, was as follows: "Plaintiff respectfully represents and shows to this court that on or about the 13th day of May, 1891, the defendant, James Ryan, agreed to pay

this plaintiff for the use of his brown mare, Lady W., to be bred to the defendant's stallion, Riando Wilkes, the sum of one hundred and twenty-five dollars, as more fully appears from the following written contract entered into by the.parties hereto, to-wit: 'Wilton, Iowa, May 13, 1891.   We here agree to the follow: James Ryan promised the sum of $125 dollars for use of Lady W., by Rendeston, brown mare, bred to Riando Wilkes, or the privilege of paying for the surface of the horse when noing of being with colt I agree to take good care of the mare and colt.   A. Wallace.   James Ryan.   T. C. Killian, wit.'   Plaintiff further states that his said brown mare, Lady W., was in pursuance òf said contract, bred to the said defendant's stallion, Riando Wilkes, and that the defendant has had the use of said mare as provided for and contemplated by said agreement, but that he has failed and refuses to pay plaintiff therefor, and there is now due and owing plaintiff for the use of said mare, under their contract, the sum of one hundred and twenty-five dollars, with interest, wherefore he asks judgment for one hundred and twenty-five dollars, interest and costs.   Jayne & Hoffman, Attorneys for Plaintiff."   The defendant demurred, because the contract sued on was so uncertain and ambiguous that no recovery could be had thereon; that the ambiguity in the contract was a patent one, and could not be cured by averment or proof; and that the contract is void.   The court overruled the demurrer, and defendant appeals.

That the contract is not drawn with technical nicety, must be admitted.   Moreover, it is clear that the whole contract is not embodied in the written instrument.   It appears to us to be simply a memorandum, made by the parties, which was not intended to fully express the contract between them.   That they did mutually obligate themselves to do certain acts is

apparent from the contract or memorandum, and we think it quite clear from the contract itself that defendant promised to pay the plaintiff the sum of one hundred and twenty-five dollars for the use of his mare; or, at defendant's option, he might, in lieu thereof, pay for the service of the stallion when it was known the mare was with foal. But whether we are justified in placing this construction upon the instrument or not, it is certain that parol proof as to the situation of the parties and the surrounding circumstances may be introduced, and, with the aid thus afforded, such an interpretation may be put upon the contract without contradicting a line or word of the instrument. It is familiar doctrine that it is always competent, in construing a contract, to show the situation of the parties, the subject-matter, and the acts of the parties thereunder; and this is no infringement of the rule that the contract cannot be explained or varied by parol. *Thompson v. Locke,* 65 Iowa, 432, 21 N. W. Rep. 762; *Shuler v. Dutton,* 75 Iowa, 155, 39 N. W. Rep. 239; *Bigelow v. Wilson,* 77 Iowa, 603, 42 N. W. Rep. 501. Construed in the light of the circumstances pleaded in the petition, we think the contract was not so uncertain and ambiguous but that recovery could be had thereon. A contract will not be held void for uncertainty unless it is incurably uncertain by reason of a patent ambiguity or otherwise. If it can be cured by permissible parol proof, it will be treated as valid, and enforced. The law will not stop in its endeavor to remove uncertainty until it is found that the contract must be set aside, and another one substituted. It will cast all the light to be gathered from the collation of the words used and the contemporaneous facts which admissible extrinsic testimony establishes upon the contract, and, if these make the intention and meaning of the parties in using the words selected by them in the contract plain, it will be enforced. The rule, as

summarized in Parsons on Contracts (volume 2, p. 564), is as follows: "If the meaning of the instrument by itself is affected with uncertainty, the intention of the parties may be ascertained by extrinsic testimony, and this intention will be taken as the meaning of the parties expressed in the instrument, if it be a meaning which may be distinctly derived from a fair and rational interpretation of the words actually used. But if it be incompatible with such interpretation, the instrument will then be void for uncertainty, or incurable inaccuracy." Applying these rules to the pleading attacked, it seems to us that the plaintiff has stated a cause of action. He states that the defendant agreed to pay him for the use of his mare, which was to be bred to defendant's stallion, the sum of one hundred and twenty-five dollars; that his mare was bred to defendant's stallion, and that defendant has had the use of his mare, as contemplated by the contract, but fails to pay for the same, and is now owing plaintiff on account thereof the sum of one hundred and twenty-five dollars. He then sets forth the written contract between the parties. The surrounding circumstances, if shown, make clear the language used by the parties in the written instrument; and the meaning which plaintiff would have us draw may be distinctly derived from a fair and rational interpretation of the words actually used. The words used are not incompatible with the interpretation plaintiff would have us put upon the contract. Prof. Greenleaf, in his work on Evidence, at section 298 of volume 1, says: "No judge is at liberty to pronounce an instrument ambiguous or uncertain until he has brought to his aid, in its interpretation, all the light offered by the collateral facts and circumstances, which, as we have shown, may be proved by parol." See, also, *Palmer v. Albee,* 50 Iowa, 429; Browne, Par. Ev. sections 49, 50; *Thomas v. Scutt,*

127 N. Y. 1138, 27 N. E. Rep. 961; 1 Greenl. Ev. section 299.   It is improper, in pleading, to set forth the evidential facts.   Ultimate facts only are to be stated.   Keeping this rule in mind, we think it clear that the pleading was not demurrable.   We do not think the plaintiff was required to negative payment for the service of the stallion.   It was optional with defendant to pay for the service of the stallion, and unless he exercised the option, the plaintiff was entitled to the one hundred and twenty-five dollars.   It was for the defendant to show that he had paid the service fee.   The District Court was right in overruling the demurrer, and the judgment is *affirmed*.