# CHARLESTON.

A. M. NORMAN et al v. W. D. LEWIS et al

(No. 5282)

Submitted October 20, 1925.   Decided November 17, 1925.

1. MINES AND MINERALS—*Reservation of "All Mineral, Coal, Iron, etc.," Includes Oil and Gas.*

   A reservation in a conveyance of land of "all minerals, coal, iron, etc.," includes oil and gas.   (p. 429.)

   (Mines and Minerals, 27 Cyc. pp. 685, 686.)

2. TAXATION—*Burden on One Claiming Under Tax Deed Estate Different From That Vested in Person in Whose Name Land Was Sold Stated.*

   The burden is on one claiming under a tax deed a title or estate different from that vested in the person in whose name the land is sold to show that the taxes were not paid on the outstanding title or estate for the year for the delinquency of which the property was returned.   (p. 432.)

   (Taxation, 37 Cyc. p. 1517 [Anno.].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Kanawha County.

Suit by A. M. Norman and others against W. D. Lewis and others for an accounting and other relief.   From a decree for plaintiffs, defendants W. D. Lewis and wife appeal.

*Reversed and dismissed.*

*Brown, Jackson & Knight* and *B. B. Brown,* for appellants.
*Byrne, Littlepage & Linn,* for appellees.

LITZ, JUDGE:

The defendants, W. D. Lewis and Jennie Lewis, appeal from a decree of the circuit court adjudicating title to the oil and gas of a tract of 130 acres of land in favor of the plaintiffs.

By deed bearing date April 15, 1879, John D. Lewis conveyed to Archibald P. Young a tract of 130 acres of land in Kanawha county, reserving "*all minerals, coal, iron, etc.*",

with necessary mining rights. Thereafter by deed dated April 17, 1888, Archibald P. Young and wife conveyed the land to Thomas J. Mason, "subject to whatever ownership of minerals, rights-of-way, etc., which said land may at this time be subject to in consequence of the clause reserving same" in the first deed.

By deed of June 7, 1901, E. W. Staunton, clerk of the county court of Kanawha county, conveyed to G. P. Norman the 130 acres of land which had been returned delinquent for non-payment of taxes in the name of T. J. Mason for the year 1898. The deed, and the report of the county surveyor upon. which it is based, after specifically describing the property, recite that it is the same land "conveyed to Thomas J. Mason by Archibald P. Young and wife by deed dated the 17th day of April, 1888, and recorded in the county court clerk's office of Kanawha county, West Virginia, in Deed Book 48, page 280".

G. P. Norman having died intestate, his heirs-at-law brought this suit against W. D. Lewis and Jennie Lewis, his wife, and United Fuel Gas Company, a corporation. The bill charges that by deed of lease bearing date the 17th day of September, 1910, plaintiffs granted unto the defendant United Fuel Gas Company the exclusive right to mine, take and carry away the oil and gas in and underlying said land for a period of ten years, and as long thereafter as oil and gas should be found in paying quantities, the lessee to return and pay over to the lessors one-eighth of the oil produced, $250.00 per year for each gas well, and a delay rental of $32.50 quarterly; that in June, 1920, the United Fuel Gas Company acting under and by virtue of the lease, drilled on the premises a well which produced oil in quantities of about five barrels per day, and thereafter drilled thereon another well which produced oil in quantities of about ten barrels per day; that by reason of some claim asserted by the defendants W. D. Lewis and Jennie Lewis, the United Fuel Gas Company has wholly failed and refused to account to the plaintiff for any part of the oil produced from said wells. The prayer of the bill is that the United Fuel Gas Company be required to account to the plain-

tiffs for all the rents and royalties under the lease, and in default thereof, the lease be cancelled; and that the claim of defendants W. D. Lewis and Jennie Lewis, or of either of them, to the oil and gas in or underlying the premises be removed as a cloud upon the title of plaintiffs.

The controversy between plaintiffs and the defendants, involving the ownership of the oil and gas of the 130 acres of land, presents two issues: (1) Whether the reservation in the deed from John D. Lewis to Archibald P. Young includes the oil and gas; and if so, (2) Whether the tax deed invests the purchaser, G. P. Norman, with title to the minerals, upon the theory that the taxes thereon were not paid by Lewis for the year 1898.

It is contended on behalf of the plaintiffs that the reservation should be construed as comprehending only coal, iron, and other minerals of "like kind or character", and that oil and gas do not fall within the classification of other minerals of "like kind or character". For this position the plaintiffs rely upon the case of *Horse Creek Land & Mining Company* v. *Midkiff*, 81 W. Va. 616, wherein it is held that a reservation of "all the minerals, coals, together with all the necessary rights-of- way of ingress and egress to and from, over, through or under the premises, to mine from and excavate and transport same, excepting a sufficiency of coals for domestic use" is not a reservation of oil and gas but only of the coal in the land. The reasoning of the Court in that case was that the word "coals" is in opposition to "minerals" and was used by the parties as meaning the same thing. This view is not wholly dependent upon the relative positions of the words "minerals" and "coals", but is strengthened by other language of the reservation, showing the intention to reserve only the coals, and not even other minerals of "like kind or character". That case, in our opinion, is without application. It is conceded that the reservation of all the minerals, without qualifying language, as was held there and in *Sult* v. *Hotchstetter Oil Co.*, 63 W. Va. 317, would include oil and gas. The question then is whether the qualifying language "coal, iron, etc." was intended to include all minerals or to limit the minerals reserved, other than coal and iron, to those of

like kind or character. Considering the latter proposition, what other minerals compared with coal and iron are of "like kind and character"? Coal, natural gas and petroleum oil, though assuming different forms, are chiefly hydro-carbons and therefore may be considered as minerals of like kind and character. However, we are further of opinion that the words "coal" and "iron" following "all minerals" were intended as a partial enumeration of minerals and that "etc." was used in the sense of "and the rest", to denote those not enumerated.

In the case of *Shuler* v. *Dutton,* 75 Iowa 155, 39 N. W. 239, it was held that under an instrument conveying the undivided interest of defendant "in the livery stock, horses, buggies, etc." of a certain firm, "etc." must be intended and understood to main all the interest of the seller in the partnership property of the firm.

"Etc." as used in a contract of sale of a boat, where the parties agreed to take the boat "provided upon trial they were satisfied with the soundness of the machinery, boiler, etc." meant "other things, referring to other material parts of the boat". *Gray* v. *Central R. Co.,* (N. Y.) 11 Hun. 70, 75.

In the solution of the second proposition the plaintiffs rely upon Section 25, Chapter 31, Code, which provides that a tax deed conveys to the purchaser such right, title and interest in and to the real estate as was vested in the person or persons charged with the taxes thereon for which it was sold, at the commencement of, or at any time, during the year or years for which said taxes were assessed; and all of such right, title and interest therein of *any other person or persons having title thereto* who have not in his or their own name been charged on the land books of the proper county or assessment district with the taxes chargeable on such real estate for the year or years for the taxes for which the same was sold, and have actually paid the same as required by law.

It not having been shown whether W. D. Lewis was assessed with the minerals or paid the taxes thereon for the year 1898, it becomes a question of presumption or burden of proof whether the plaintiffs are, on the record, in a position to assert fee simple title under the tax deed. We think that

the deed *prima facie* carries only such title as was vested in the person in whose name the property was sold, and that the burden of proof is therefore upon those claiming under him to show that the taxes were not paid on the outstanding title. The Circuit Court of Appeals has so construed the statute in a suit affecting lands in this state. *Dingess* v. *Huntington Development & Gas Co.,* 271 Fed. 864.

The decree of the circuit court will be reversed and plaintiffs' bill dismissed.

*Reversed and dismissed.*