ISABELLE M. DUNN, Appellant, v. LE ROY C. DUNN TRUST et al., Appellees.

No. 42912.

350

February 5, 1935.

Gibson & Stewart, for appellant.

Arnold F. Schaetzle and George F. Malcolm, for appellees.

Anderson, C. J.—On the 22d of January, 1929, Le Roy C. Dunn, together with his wife, Isabelle M. Dunn, the plaintiff-appellant herein, made, executed, and filed for record a certain trust conveyance and convention. The beneficiaries named therein were Isabelle M. Dunn, his wife, and Virginia, Isabelle, and Martha Dunn, daughters of the trustor, Le Roy C. Dunn. Le Roy C. Dunn was nominated as trustee during his lifetime, and Isabelle M. Dunn and A. J. Huglin were designated as successors in trust. The article of trust provides that the trust period shall commence at the date of its execution and continue during the lives of the trustor, Le Roy C. Dunn, and his wife, Isabelle M. Dunn, and for a period of twenty-one years thereafter. The trust conveyance also provides that the trustor, Le Roy C. Dunn, sells, assigns, transfers, and conveys unto the trustee named, and his successors in trust, all of the title and interest, including the gains, profits, and income from all of the property listed in a schedule attached to and made a part of the

trust conveyance, and all other property, either real or personal, which the trustor thereafter sells and conveys or causes to be sold and conveyed to the trustee or trustees, together with all rents, issues, gains, and profits therefrom and all other rights appendant and appurtenant in and to said property so conveyed. The property so conveyed and listed in the schedule consisted of life insurance, stocks, real estate, and the trustor's business known as the Dunn Funeral Home in Des Moines, Iowa. The trust was administered by Le Roy C. Dunn, the trustee named in the conveyance, until his death on December 7, 1932, since which time it has been administered by his successors in trust, Andrew J. Huglin and Isabelle M. Dunn.

The trust conveyance or convention covers fourteen pages of the abstract of record and is too long to warrant its inclusion in this opinion. We will therefore only refer to certain articles and provisions thereof which we deem necessary for a disposition and determination of the questions at issue on this appeal.

Under article 4 of the trust conveyance the property therein conveyed was to be disposed of at the termination of the trust as follows: One-third each to the trustor's daughters, heretofore named, or to their respective heirs.

After the death of the trustor and during the period prior to the termination of the trust, the income and proceeds of the trust property were directed to be distributed as provided in article 7 of the trust conveyance. Article 7 is as follows:

"Upon the death of the trustor named herein there shall be allowed and paid my wife, Isabelle M. Dunn, she surviving and unmarried, the sum of $500.00 per calendar month, or fraction thereof during the whole of the remaining trust period herein named. There shall also be allowed and paid such sum or sums from time to time as may be necessary for the proper support and education of my three daughters, Virginia Dunn, Isabelle Dunn and Martha Dunn; including expenses incident to attending institutions of higher education, after which, during the whole of the trust period aforesaid, the net earning and profits of and from the property of the trust aforesaid shall be paid or credited upon the books of the trust, subject to their demands, by said trustee and or his successors in trust, annually, as may be deemed best, by said trustee or trustees, as follows:

"(1) One-third (1/3) to my wife, Isabelle Dunn.

"(2) Two-ninths (2/9) to my daughter, Virginia Dunn, and or to her heirs.

"(3) Two-ninths (2/9) to my daughter, Isabelle Dunn, and or to her heirs.

"(4) Two-ninths (2/9) to my daughter, Martha Dunn, and or to her heirs.

"In event the net rents, issues, gains, profits, and or income from the trust property is insufficient to pay the sum of $500.00 per month to my said wife, Isabelle M. Dunn, and or my said children, namely, Virginia, Isabelle and Martha Dunn, as in this Article provided, then there shall be taken from the trust property such sum or sums as in the judgment of the said trustee or trustees may seem necessary for the purpose herein named.

"Should any of said children of the trustor, viz.: Virginia Dunn, Isabelle Dunn and Martha Dunn, die without leaving heirs her surviving, the fractional part belonging to such child so dying without leaving heirs, shall thereafter be annually paid or credited, by said trustee or trustees, to the surviving sister or sisters, and or to their respective heirs, and or their lineal descendants, and no one else shall take, enjoy or have the remaining income of the trust herein created and such lineal descendants shall take per stirpes.

"In case of the death of my wife, Isabelle M. Dunn, prior to the expiration of the trust period, the income herein set aside for her shall be paid or credited, equally, between Virginia Dunn, Isabelle Dunn and Martha Dunn and or their heir or heirs and no one else.

"Where the word heir or heirs is employed in this instrument it shall be taken to mean the natural issue of the body or any legally adopted child."

The trial court held that the trust created by the conveyance was irrevocable and also held in construing article 7 thereof that it was the intent of the trustor to pay first Isabelle M. Dunn the sum of $500, exclusive of all other distributions, and then to pay such amounts as necessary for the education of the trustor's three daughters, exclusive of the distribution thereafter provided for in said article; and the trial court further held that such amounts as were necessary to expend for the education of the daughters of the trustor were not intended to be equal and were not to be charged against

the respective distributive shares of said three beneficiaries. From such finding and decree of the trial court, the plaintiff has appealed.

The appellant contends first that the court erred in finding that the trust indenture created an absolute and irrevocable trust. This error, however, is not urged very strenuously by the appellant. We find the statement in the appellant's brief and argument that "the trustor, Le Roy C. Dunn, completely and irrevocably divested himself of all his right, title and interest, gains, profit and income from all the Trust property, described in Schedule A thereof." The appellant contends that the fact that the trustor and the trustee named in the trust conveyance being one and the same person and having reserved unto himself as sole trustee all rights of control over the property included in the trust, that he in fact retained ownership and control over the trust property, and that such fact should lead to a construction finding that the trust created was a revocable one. With this contention we cannot agree and it is our conclusion that the trial court was right in its finding and decree in which it used the following language:

"The court further finds that said trust indenture was an absolute and irrevocable trust and could not under any condition or circumstance be revoked at any time by the makers of said trust indenture, to-wit: Le Roy C. Dunn and Isabelle M. Dunn, and could not be revoked by any other person."

This finding is based upon and has full support in the specific language of the trust agreement which is as follows:

"Know All Men By These Presents: That for and in consideration of the sum of One Dollar in hand paid, and other good and sufficient consideration, the said Le Roy C. Dunn hereinafter called the 'Trustor', agrees to and does hereby sell, assign, transfer and convey unto Le Roy C. Dunn Trustee, hereinafter called the 'Trustee', and to his successors in trust, and does hereby completely divest himself of all title and interest therein and the gains and profits and income therefrom of all the property listed and described in the schedule hereto attached, hereby referred to and made a part hereof, marked Schedule 'A', and all other property either real or personal, which the said trustor may hereafter sell or convey, or cause to be sold and conveyed, unto said trustee or trustees, together with all and singular the rents, issues, gains and

profits thereof and all other rights appendant and appurtenant in and unto said property belonging."

This language is unequivocal and completely divests the makers of the trust agreement of all interest and control over the property conveyed to the trust. There is no language used in the entire instrument which could possibly be construed as a reservation of the power to revoke, and unless the power of revocation is expressly reserved in an instrument of this kind the instrument is irrevocable. In re Estate of Dodhajsky, 137 Iowa 746, 115 N. W. 590; Haulman v. Haulman, 164 Iowa 471, 145 N. W. 930; Jones v. Nicholas, 151 Iowa 362, 130 N. W. 125; Lewis v. Curnutt, 130 Iowa 423, 106 N. W. 914; In re Estate of Tolerton, 168 Iowa 677, 150 N. W. 1051; Hellman v. McWilliams, 70 Cal. 449, 11 P. 659.

This construction is further supported by the testimony of Isabelle M. Dunn, to which no objection was interposed, in the following language:

"I understood that Mr. Dunn and myself both completely divested ourselves of any interest which we had in any of the property specified in the trust and conveyed in the trust instrument to the trustees. I executed the trust instrument, knowing that neither Mr. Dunn nor myself individually had any further control of or rights in the property so specified in the trust instrument as individuals. I fully understood that the instrument could not be revoked, and there was no contemplation of death of any kind by either of us when the same was executed."

We hold, as did the trial court, that the trust instrument created an absolute and irrevocable trust and could not, under any condition or circumstance, be revoked at any time by the makers thereof, nor by any other person. We also hold that the trust article was not made in contemplation of death.

 The appellant does seriously contend that the trial court erred in its construction of paragraph 7 of the trust indenture, which we have above set out. The trial court, in construing this paragraph, found that "it was the intent of the makers thereof that the same should be and it is by these presents hereby decreed and construed to mean that from the net income from said trust estate or corpus thereof, the trustees herein are to pay, first, to Isabelle M. Dunn the sum of Five Hundred ($500.00) Dollars per month, this to be exclusive of and in addition to all other payments and

distribution. After the payment to Isabelle M. Dunn of the sum of $500.00 per month, the trustees are directed by said trust indenture to pay such an amount as in the opinion of the trustees is necessary for the proper support and education of the three named children, to-wit: Virginia Dunn, Isabelle Dunn and Martha Dunn, including the expense incurred when, if and as any of the three named children attend institutions of higher education, and it is the decree of this court that the intent of the makers of said trust agreement was that this payment for support and education, during the time that any of the said children are being educated, should be exclusive of the distribution thereafter named in Paragraph 7 of said trust indenture."

"After the payments of the above specified amounts, to-wit: $500.00 to Isabelle M. Dunn, plaintiff herein, and also after the payment of the necessary expense as determined upon by said trustee for the support and education of the said children during the period of their education, the balance of the income remaining in said trust estate as follows: one-third to Isabelle M. Dunn, plaintiff herein, two-ninths to Virginia Dunn and or to her heirs, two-ninths to Isabelle Dunn and or to her heirs, and two-ninths to Martha Dunn and or to her heirs."

"During the period when such beneficiaries subject to education, namely, Virginia Dunn, Isabelle Dunn and Martha Dunn, are being educated, such payments so made and used for the purpose of support and education of the said children named shall not be charged on the books of said trust to the said beneficiaries for whom said sums are used, but are decreed to be exclusive of and in addition to the distributive share in said Article so named, it being the opinion of this court that such sums as were used for support and education of the children during the period of their education were not intended to be equal in amount and not intended to be charged against the distributive share of the children named."

With the construction thus put upon paragraph 7 by the trial court, we cannot agree. We agree with the appellee that the general and settled rule is that parol evidence is not competent to change a written instrument which is clear and unambiguous, but that parol evidence is admissible to aid in ascertaining the true meaning and intent of the language of a contract or written instrument which is ambiguous and uncertain in its true meaning and suscept-

ible of different construction. The appellee cites, as supporting the court's construction of the paragraph in question, Rath v. Schoon, 192 Iowa 180, 182 N. W. 180; Liberty Oil Co. v. Polk, 193 Iowa 146, 185 N. W. 10; Seibel ·v. Commonwealth Life Ins. Co., 194 Iowa 701, 190 N. W. 173. But in all of these cases the contracts or instruments involved were held to be clear and unambiguous. The language used in paragraph 7 under consideration is uncertain in its meaning and is capable of more than one interpretation or construction. The trial court held, as is indicated by its finding quoted above, that the amount paid for the education of the three daughters was not to be charged against their proportionate share upon final distribution of the trust property. The controversy arises over the use of the phrase "after which", used in paragraph 7. This is clearly susceptible of two interpretations. First, that put upon it by the trial court, that the expense of the education and support of the three daughters was to be first paid and deducted, before there was an equal distribution to the three daughters of the income, prior to the termination of the trust. The second construction, and the one for which the appellant contends, is that the phrase "after which," should be construed as if followed with the word "and" instead of a comma. If the language is not read and construed as contended for by the appellant, then it is clearly inconsistent and ambiguous with the language which follows, "during the whole of the trust period aforesaid." The trust period, as specifically provided by the conveyance, commences on the date of the execution thereof and continues during the lives of the trustors and for twenty-one years thereafter. The phrase "during the whole of the trust period aforesaid"· therefore covers the whole of the trust period including the time during which the daughters are to be educated. We are of the opinion that, independent of the parol evidence to which we will later refer, the correct interpretation of the language used in the paragraph under consideration should be, that after the period of education, as well as before, the earnings and income should be distributed equally among the daughters, and that any amount spent for the education of any one daughter should be charged against that daughter's proportionate share and not against the whole estate. In construing this particular paragraph, it must be done in the light of the evident meaning and intent of the whole trust instrument; and no place in the entire instrument does it appear that the makers thereof purported or intended to

distribute the estate other than in equal proportions to the three children. In paragraph 4 of the trust agreement it will be noted that the distribution to the three daughters is exactly equal in amount, and in paragraph 7 we find that the trustor provided that, "In case of the death of my wife, Isabelle M. Dunn, prior to the expiration of the trust period, the income herein set aside for her shall be paid or credited, equally, between Virginia Dunn, Isabelle Dunn and Martha Dunn and or their heir or heirs and no one else." Again in paragraph 4 we find language which clearly shows that at all times during the trust period the distribution to the daughters was intended to be equal. Note the following language used in paragraph 4: "Such augmentation shall be in equal proportions, respecting the interests of my surviving daughters, or their survivor or survivors, my intention being that each child or her heirs shall share and share alike."

It is our opinion, in construing paragraph 7, together with the entire instrument, that it was the intention of the trustor that the daughters should share and share alike, even during the period of their education, and that any amount expended upon the education of any of the daughters should be charged against their respective proportionate share. This is the more logical and consistent construction to be put upon paragraph 7.

 We have held that it is always competent in construing or interpreting a contract containing inconsistent and ambiguous language to show the situation of the parties, the subject-matter. and the acts of the parties thereunder, and that such showing by parol is no infringement of the rule that contracts cannot be changed or varied by parol evidence. Thompson v. Locke, 65 Iowa 429, 21 N. W. 762; Shuler v. Dutton, 75 Iowa 155, 39 N. W. 239, 240; Collins v. Phillips, 91 Iowa 210, 59 N. W. 40; Wallace v. Ryan, 93 Iowa 115, 61 N. W. 395.

In Shuler v. Dutton, supra, we used the following language:

"It is always competent, we think, to show by parol the surrounding circumstances, the conduct of the parties, and thereby apply and ascertain the meaning of words and terms in a written contract which, on its face, is indefinite and uncertain." This pronouncement is supported in each of the other cited cases.

On the trial of this case below, the appellant introduced the testimony of Isabelle M. Dunn, one of the makers of the trust agree-

ment, and of Arnold F. Schaetzle, the person who prepared the trust conveyance. This testimony was introduced without objection. Mrs. Dunn testified that Mr. Dunn stated to her that it was his intention that the $500 per month payable to Mrs. Dunn should be paid either from the income or from the property itself, and that, after the payment of such amount, the balance of the income was to be used for the care and support of the three children and the trustor's wife, if necessary, and that such amounts as would be necessary for the education of the children should be charged against the interest of each child, and that such was the intention and understanding of Isabelle M. Dunn, who joined in the execution of the trust agreement. Mrs. Dunn also testified that she knew that the income tax returns for the children and herself were made by Mr. Dunn as trustee and as guardian for the children, prior to his death, and that since the execution of the trust, Mrs. Dunn and the three girls have always been credited with the returns from the trust property in the proportions as indicated in the trust agreement, that is, one-third to the wife and two-ninths to each of the three girls.

Arnold Schaetzle testified that Mr. Dunn consulted with him on various occasions prior to and at the time of the execution of the trust agreement, and that it was the intention of Mr. Dunn expressed to this witness that such an amount of the income or the trust property itself should be used as necessary for the proper education of the three children, and that he intended that such amounts so used should be charged against the distributive shares of the three daughters. He also testified to the preparation of income tax reports by Mr. Dunn and himself in which the income from the trust property was credited against the separate interests of the three daughters.

This testimony supports the construction of paragraph 7 for which the appellant contends, and we are of the opinion that such construction should prevail, and that any other construction would result in an unequal distribution of the income and possibly the corpus of the trust property, which was not intended by the makers of the trust. Under the construction put upon paragraph 7 by the trial court one of the daughters would be able or permitted to follow a course of higher education in this as well as foreign countries and thereby use and appropriate all or a large portion

of the income and corpus of the estate to the exclusion of her sisters in the final distribution thereof.

It is our opinion that paragraph 7 should be construed to mean that the income from the trust property as well as the corpus thereof after the payment provided to the wife, should be credited to the three daughters named, in equal amounts, and that the expense of the education of each of the daughters should be charged against the individual and separate interests of each of the daughters.

The finding and decree of the trial court is therefore modified to the extent as indicated in this opinion. Otherwise it is affirmed. It is ordered that the case be remanded to the trial court for a final decree in accordance with this opinion.—Modified and affirmed.

KINTZINGER, MITCHELL, DONEGAN, HAMILTON, PARSONS, and RICHARDS, JJ., concur.