**Elwin Donald BRENNEMAN, Margaret Zoe Hemmingson, and Barbara Esterbrook, Plaintiffs,**

v.

**Nancy Ruth Hockett BENNETT and Elizabeth Anne Hockett Mayer, Defendants.**

**Civ. No. 7–2034–C–1.**

United States District Court
S. D. Iowa,
Central Division.

Nov. 27, 1968.

David W. Belin and Jeffrey E. Lamson, Des Moines, Iowa, for plaintiffs.

Robert G. Riley and Jerry P. Alt, Des Moines, Iowa, for defendants.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

This cause was removed from the District Court of Iowa, in and for Polk County. Requisite diversity and jurisdictional amount exist. It is now before the Court on plaintiffs' motion for summary judgment.

This is an action to establish and determine interests in a certain parcel of real estate situated in the city of Des Moines, Iowa, for an accounting, and for the partition and sale of the said property. Plaintiffs, one branch of the former owners' family, claim that the property is free from trust and that their alleged one-half interest is presently vested. Defendants, the other branch of the family, claim that the property remains in trust and that the plaintiffs have no interest in it to support the accounting or partition prayed for.

The facts are undisputed. Christian Nysewander, also known as C. Nysewander, and Sarah A. Nysewander, husband and wife, were the parents of two children, Nancy Ethyl Nysewander, born in 1887, and Bertha Elizabeth Nysewander, born in 1883. Christian Nysewander died in 1949; Sarah Nysewander died in 1934.

Nancy Ethyl Nysewander was married to Jesse Brenneman on August 11, 1923. No children were born of this marriage. Three children, Elwin Donald Brenneman, Margaret Zoe Brenneman Hemmingson, and Barbara Brenneman Esterbrook, plaintiffs herein, were adopted by Mr. and Mrs. Brenneman. Mrs. Brenneman died November 10, 1966.

Bertha Elizabeth Nysewander was married to Stephen D. Hockett in 1911. There were born to this marriage two children, Elizabeth Anne Hockett Mayer and Nancy Ruth Hockett Bennett, defendants herein. Mrs. Hockett died May 5, 1925.

The property involved in this action is real estate legally described as:

Lot 5 in Block "E" of Grimmel's Addition to Fort Des Moines, except 12

feet in width off the east side of said lot, being now designated as Lot 2 of the official Plat of Lots 4 and 5 in Block "E" of Grimmel's Addition to Fort Des Moines, now included in and forming a part of the City of Des Moines, Iowa;

and locally known as 623–625 West Grand Avenue. This property is an improved commercial property, and is under a lease expiring September 30, 2009.

On May 13, 1918, Christian Nysewander and Sarah A. Nysewander executed a "trust deed" whereby they conveyed the said property to themselves as trustees. The trust deed contained the following provisions:

After the death of both grantors herein, each of said daughters, Bertha Elizabeth Hockett and Nancy Ethyl Nysewander may make a will bequeathing and devising a one-half interest in said premises, and in said rentals therefrom during this trust and thereafter, to whom and in such manner as each may see fit, subject however to said Trust, which trust shall expire on the death of all said four beneficiaries, and when Elizabeth Anne Hockett attains the age of thirty-five years, and thereupon said premises and lease shall, subject to said trust, belong absolutely and in fee to the *heirs* of each, one-half to the *heirs* of one and the other one-half to the *heirs* of the other said daughter, or to whomsoever each said daughter may give her said one-half share by will. (Emphasis added)

"Said four beneficiaries" were Christian Nysewander, Sarah A. Nysewander, Bertha Elizabeth Nysewander Hockett and Nancy Ethyl Nysewander Brenneman, who are now all dead.

On July 31, 1923, Christian Nysewander and Sarah Nysewander executed a "warranty deed" purporting to convey the property to Nancy E. Nysewander. This deed was executed as husband and wife and not as trustees, purportedly pursuant to authority reserved in them in the 1918 trust deed. On the same day, Nancy E. Nysewander executed a "warranty deed" with Sarah A. Nysewander and C. Nysewander shown as grantees therein. Also on the same day Sarah A. Nysewander and C. Nysewander executed a "trust deed" purporting to convey the subject property to themselves as trustees. The grantors expressly reserved the power to "change, *modify or amend*" this trust. The trust deed contained the following provisions:

Bertha Elizabeth Hockett and Nancy Ethyl Nysewander, may, subject to the provisions of this trust, at any time hereafter make disposition by will of one-half of the income of the property herein described and of an undivided one-half interest in said property to any beneficiary she may desire and in case no such disposition is made of one-half of the income and the property, one-half of the income from the property and an undivided one half interest in the property shall vest in those *children* of such daughter living at the time of her death, share and share alike and in the event such daughter has no *children* surviving her then and in that event one half of the income shall on her death become payable to the surviving daughter during her life time and upon the death of such surviving daughter the income and the property not disposed of by will shall vest in the *children* of such surviving daughter living at the time of such surviving daughter's decease. In case both of said daughters die intestate without *children* them surviving the income of the property and the property shall become that of the *heirs of the survivor* thereof. No other disposition of the income from the property or the property by either daughter shall be valid and the income of the property nor any interest therein shall be liable for the indebtedness of any beneficiary. (Emphasis added.)

On May 22, 1925, Sarah A. Nysewander and C. Nysewander executed a "trust conveyance and agreement" purporting to revoke the "trust deed" exe-

cuted by them on July 31, 1923, and in the same instrument, to convey the subject property to themselves as trustees. This "trust conveyance and agreement" recited that the 1918 trust agreement had been terminated by the 1923 deed to Nancy E. Nysewander and was "now cancelled, annulled, and terminated, of no further force or effect and said property is now entirely relieved therefrom." This "trust conveyance and agreement" contained the following provision:

Following the death of said Sarah A. Nysewander and the said C. Nysewander, or either of them, the residue and remainder of said net income, and following the death of both of said persons, all of said net income shall be disposed of as follows:

One-half of said net income shall belong and be paid to the *heirs of the body* of the said Bertha Elizabeth Hockett, share and share alike, per stirpes and not per capita, provided, however, that during such period of time, if any, following the death of the said Sarah A. Nysewander and the said C. Nysewander, or either of them, as the said Stephen D. Hockett shall remain unmarried and the widower of the said Bertha Elizabeth Hockett, he shall have and receive one-third of such one-half of said net income, and the other one-half of said net income shall belong and be paid to the said Nancy Ethel Brenneman, or to the *heirs of her body*, share and share alike, per stirpes and not per capita, provided, however, that in the event that the said Jesse L. Brenneman, husband of the said Nancy Ethel Brenneman, shall survive her, being her lawful husband at the time of her death, then, during such period of time, if any, following the death of the said Sarah A. Nysewander and C. Nysewander, or either of them, as the said Jesse L. Brenneman shall survive the said Nancy Ethel Brenneman and remain unmarried and her widower, he shall have and receive one-third of such one-half of said income and the remainder thereof shall be paid to the *heirs of the body*, if any, of the said Nancy Ethel Brenneman.

If at any time during the continuance of this trust, there shall be no heirs of the body of the said Bertha Elizabeth Hockett, or direct descendants of such heirs, then, in that event, the part or portion of said net income which would otherwise belong to the *heirs of the body* of the said Bertha Elizabeth Hockett, or their descendants, shall go and belong to the said Nancy Ethel Brenneman, or the *heirs of her body* or their direct descendants. And if at any time during the continuance of this trust, the said Nancy Ethel Brenneman shall be dead and there shall be no *heirs of her body* living, or direct descendants of said heirs, then, in that event, the part and portion of said net income which otherwise would have gone to the *heirs of her body* or direct descendants of the said Bertha Elizabeth Hockett, such income, in each instance, to be divided among them per stirpes and not per capita. (Emphasis added.)

This last "trust conveyance and agreement" was subsequently amended on June 22, 1932, and on September 19, 1945.

Nancy Ethyl Nysewander Brenneman died testate on November 10, 1966. Her last will and testament made no specific devise of any interest in the subject property, and made no specific reference to, and did not exercise, any power of appointment over the subject property.

Bertha Elizabeth Nysewander Hockett died intestate on May 5, 1925, and did not exercise any power of appointment over the subject property.

The major issue in this case involves the construction of the eighth unnumbered paragraph of the 1918 trust deed. This paragraph reads as follows:

While both said grantors live, they do hereby expressly reserve the right and privilege to sell, transfer, ex-

change, incumber or dispose of said premises or said lease thereon as they may see fit without any obligation on the part of the purchaser to see to the application of the purchase money, but such right shall cease on the death of either of said grantors; and in case said lease now on said premises should be forfeited, or cease and determine during the life of this Trust, the Trustees or Trustee then in office are hereby given authority without leave of Court to make a new lease of said premises extending for a term of not over ninety-nine years, and said grantors only may, if they see fit, arrange with the holders of said lease now on said premises to cancel, change, or terminate said lease while both said grantors are alive.

Plaintiffs claim that the 1918 trust was irrevocable, and that the subsequent transactions involving the subject property were invalid and void. As heirs of Nancy Ethyl Nysewander, they claim to have succeeded to her share of the property, and they seek to have a half interest in the property established in them, to have an accounting, and to have the property partitioned.

Defendants claim that the 1918 trust was revocable and terminable; that the same was in fact terminated and revoked by the deed of July 31, 1923, and by the trust deed of July 31, 1923, which created a new trust making provision for the ultimate distribution of the property; that the July 31, 1923, trust was revoked by the execution of the trust conveyance and agreement of May 22, 1925; and that as plaintiffs are not heirs of the body of Nancy Ethel Nysewander Brenneman, they have no interest in the subject property.

■ Under Iowa law a trust is irrevocable unless the power of revocation is expressly reserved in the trust instrument. Young v. Young-Wishard, 227 Iowa 431, 288 N.W. 420 (1939); Dunn v. Dunn Trust, 219 Iowa 349, 259 N.W. 695 (1935); In re Estate of Podhajsky,

137 Iowa 742, 115 N.W. 590 (1908). The 1918 trust deed contains no express power of revocation. Defendants, however, cite In re Cooksey's Estate, 203 Iowa 754, 208 N.W. 337 (1926) for the proposition that the power to dispose of the property, reserved in the grantors, would allow them to revoke the trust by making a gift of the property, thus emptying the trust. In re Cooksey's Estate involved, not the construction of a trust, but the construction of a will. The testator granted his wife a life estate as follows:

Subject to the foregoing provisions, I will, devise and bequeath to my beloved wife, Lucinda Cooksey, all my property, real, personal and mixed for the term of her natural life, with the power to dispose of and pass clear title to any or all of said property during her lifetime, if she so elects, and the rest, residue and remainder of said property not disposed of by my said wife during her lifetime, I will, shall be disposed of as follows. * * *

The Iowa Supreme Court held that this gave the life tenant an absolute power to dispose of the property, and stated:

The will does not limit her to a sale of the property, but gives her the broader power to 'dispose' of it if she so elects. This would include a gift. There is no limitation that her power of disposal shall be by sale or exchange, or substitution, but the broad and unlimited power is given to dispose of it 'as she elects' and 'to pass clear title' by so doing. 203 Iowa at 758–759, 208 N.W. at 339.

There is no doubt that the decision in *Cooksey* is correct under the fact situation there present. In the instant case, however, it appears that the power of disposal was reserved by the grantors, not as settlors of the trust, but as initial trustees thereof.

■ The Court notes that when a person creates a trust and the initial trustee is to be the creator of the trust, it is quite usual to grant greater powers

to the initial trustee than are granted to subsequent trustees. Such was the case here. Although the trust deed expressly reserves to the "grantors" the power to sell, transfer, exchange, incumber or dispose of the subject property, this Court now holds that the term "grantors," as used in the eighth unnumbered paragraph thereof, was intended to distinguish the initial trustees from subsequent trustees.

█ It is clear that if the subject property were sold to Nancy E. Nysewander pursuant to the deed of July 31, 1923, the trustees would have the duty to apply the proceeds of such a sale to the trust, and would be required to administer said proceeds under the terms of the trust. The trustees would also be under an obligation, in making the sale, to obtain the best possible price for the property, and to act fairly and equitably for the benefit of all the beneficiaries, whether or not yet in existence. Johnson v. Johnson, 242 Iowa 27, 45 N.W.2d 573 (1951); Becker v. Becker Bros., 202 Iowa 7, 209 N.W. 447 (1926). The beneficiaries of the 1918 trust include not only Christian Nysewander, Sarah A. Nysewander, Bertha Elizabeth Hockett and Nancy Ethyl Nysewander, but also the heirs of Bertha Elizabeth Hockett and Nancy Ethyl Nysewander.

██ The duty of a trustee to act fairly and equitably for the benefit of all beneficiaries is not limited to sales transactions. Even under a broad power to "dispose of" the corpus, the trustees may not enter into transactions with one beneficiary which would deprive another of the benefits granted to him by the trust instrument. Consequently this Court now holds that the original trust was irrevocable, and that the transactions enumerated herein involving the subject property subsequent to the 1918 trust deed were invalid attempts to revoke the trust and therefore void and of no legal force or effect. It follows that the terms thereof must now be carried out.

All prior conditions have now been met, and the original trust must now be terminated pursuant to the terms thereof.

It is therefore ordered that plaintiffs' motion for summary judgment be and the same is hereby granted.

It is further ordered that title to the subject property herein described be and the same is hereby declared vested in plaintiffs and defendants as follows: An undivided one-fourth interest in defendant Nancy Ruth Hockett Bennett; and undivided one-fourth interest in defendant Elizabeth Ann Hockett Mayer; and undivided one-sixth interest in plaintiff Elwin Donald Brenneman; and undivided one-sixth interest in plaintiff Barbara Esterbrook; and an undivided one-sixth interest in plaintiff Margaret Zoe Hemmingson.

It is further ordered that defendants make an accounting and pay to plaintiffs, and continue to pay to plaintiffs, the following shares of the earnings and income from the subject property described herein, from and after November 10, 1966: One-sixth each to plaintiffs Elwin Donald Brenneman, Margaret Zoe Hemmingson, and Barbara Esterbrook.

It is further ordered that title to the subject property described herein be and the same is hereby confirmed, established and quieted as follows: One-fourth to Nancy Ruth Hockett Bennett; one-fourth to Elizabeth Anne Hockett Mayer; one-sixth to Elwin Donald Brenneman; one-sixth to Margaret Zoe Hemmingson; and one-sixth to Barbara Esterbrook.

It is further ordered that counsel for plaintiffs prepare and submit to the Court a proposal for sale of the subject property and division of the proceeds therefrom.