## DRAKE COAL CO. v. CROZE.

SALES—ACTION FOR PRICE—CONTRACT—BURDEN OF PROOF.
> Where, in an action on the common counts for goods sold and
> delivered, defendant gives notice of recoupment, alleging
> that the goods were delivered under an agreement that plain-
> tiff was to deliver a larger quantity, which he did not do, the
> issue to be tried is: What was the contract? and the onus of
> proving his contract is upon the plaintiff.

Error to Houghton; Streeter, J. Submitted June 4,
1907. (Docket No. 3.) Decided July 1, 1907.

Assumpsit by the Drake Coal Company against Joseph
Croze for goods sold and delivered. There was judgment
for plaintiff, and defendant brings error. Reversed.

Plaintiff brought suit to recover the price of a cargo of
coal sold and delivered by it to the defendant. The dec-
laration was on the common counts in assumpsit for goods
sold and delivered. Defendant with his plea of the gen-
eral issue gave notice of recoupment, alleging that the
coal was delivered under an agreement that the plaintiff
was to deliver not less than 4,000 tons of coal during the
season of 1902. Plaintiff proved the delivery, receipt, and
the price. These the defendant apparently admitted.
The defendant gave evidence that the coal delivered was
received as a part of a contract as set forth in his plea.
The court instructed the jury that the burden of proof was
upon the defendant to sustain his version of the contract,
and that presents the sole question in the case.

*Chadbourne & Rees*, for appellant.

*Shelden & Legris*, for appellee.

GRANT, J. (*after stating the facts*). There was but

one contract made between the parties. The coal was delivered under that contract. If the contract included one cargo, the plaintiff was entitled to recover. If the contract included more, and the plaintiff had failed to perform it, then the plaintiff was entitled to recover for the coal delivered less what damages the defendant had sustained by reason of the plaintiff's failure to perform. The defendant did not set up a claim in avoidance of an admitted contract. On the contrary, he denied that any such contract, as the plaintiff claims, was made. The sole issue to be tried was: What was the contract? The onus was clearly upon the plaintiff. *Berringer* v. *Iron Co.*, 41 Mich. 305; *Homire* v. *Rodgers*, 74 Iowa, 395. Cases like *Dillon* v. *Pinch*, 110 Mich. 149, have no application to the facts of this case. There the defendant had received, as agent of the plaintiff, the amount of a policy of insurance. The suit was brought to recover the amount of the insurance received by him. He pleaded the general issue with notice of set-off, claiming an agreement that he was to receive $530 for making the collection. There the defendant introduced a contract in avoidance of the plaintiff's claim.

Judgment reversed, and new trial ordered.

CARPENTER, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.