## WEAVER v. RICHARDS.

1. BROKERS—ACTION FOR COMMISSIONS—DEFENSES—PLEADINGS.
    In an action for commissions on the sale of certain real estate, under plea of the general issue, defendant is entitled to show that the contract alleged in plaintiff's declaration was not the contract actually made; such defense, not being affirmative by way of confession and avoidance, need not be specially pleaded.

2. SAME — ACTION FOR COMMISSIONS — QUESTION FOR JURY — INSTRUCTIONS.
    Where, in such action, it appeared that the deed of the land sought to be conveyed contained a reservation of all mineral rights, etc., and there was testimony that the prospective purchasers would not have accepted the deed with such reservation, the question of whether or not they knew of such reservation was properly submitted to the jury.

3. Mines and Minerals—Deeds—Reservations—Mineral Rights —What Included.
A reservation in a deed "of all minerals" includes petroleum, oil and gas. *Murray* v. *Allred*, 100 Tenn. 100.

4. Evidence—Hearsay Evidence—Incompetency—Striking Out.
On the examination of a witness, who was the attorney for the prospective purchasers and examined the abstract and made a report to them, he was asked why no mention was made of the reservations in the deed, and was permitted to answer: That his recollection was not clear, though he thought the question of reservations was understood by the parties, and that he did not mention it for that reason, and that he so answered because of his habit to call his clients' attention to anything which is unusual in a deed, and that if there had not been an understanding of that kind he would have called their attention to it. *Held*, that as there was nothing to indicate the source from which the bare impression of which he undertook to testify was derived, his statement was no evidence to show the fact, and on defendant's motion, after the close of the testimony, such answer was properly stricken from the record.

5. Same—Admissibility—Harmless Error.
The admission in evidence of a letter from one of the prospective purchasers to defendant at the time when the deal was pending, if erroneous, was harmless, where the witness on the trial had testified substantially to the same effect; since the burden of proof was upon plaintiff to prove that said purchasers were willing to accept the land subject to the reservations contained in the deed.

6. Same.
The admission in evidence of a contract between defendant and a third person relating to the land, *held*, under the instructions, not prejudicial to plaintiff.

Error to Emmet; Shepherd, J. Submitted January 19, 1909. (Docket No. 101.) Decided April 24, 1909.

Assumpsit by John W. Weaver against George D. Richards for a commission for the sale of land. There was judgment for defendant, and plaintiff brings error. Affirmed.

156 Mich.—21.

*Halstead & Halstead*, for appellant.

*James F. Shepherd*, for appellee.

Montgomery, J.   This is an action brought to recover a commission or profit, claimed to have been earned by the plaintiff acting as defendant's agent in the sale of a tract of land comprising about 1,000 acres.   The case has been twice before the court, and is reported in 144 Mich. 395 (6 L. R. A. [N. S.] 855), and on the second hearing in 150 Mich. 20.   The facts are fully set forth in these two opinions, but it may be well to briefly restate the contentions.

The plaintiff's claim is that defendant agreed that, if he would find a purchaser for these lands at the price of $6,000 or more, he (the plaintiff) should be entitled to receive all that the purchaser was willing to pay in excess of the $6,000.   It is conceded by the plaintiff that the terms upon which the sale was to be made were that the conveyance was to be of the land and timber, reserving from such sale the mineral rights belonging to, or incident to, the land.   The plaintiff claims that he made such sale to Hanson and Michelson, and that the title of defendant proved to be defective, and that for this reason, and this only, the purchasers refused to accept a deed of the premises.

The defendant's claim is that the agreement was that he should reserve all marl or other mineral deposits, with a right to enter upon said lands at any time to prospect, explore, prepare for, and remove or manufacture, said marl or minerals, and the right for all necessary roads, railroads, canals, etc., in or through said land for the removal of said marl or mineral.   Defendant further claims that the plaintiff was fully acquainted with the nature of the title which he had at the time, and that the contract was made with reference to that, and that plaintiff fully understood that it was that title with which he was familiar, and that the defendant was to convey no other. It is also claimed by the defendant that the plaintiff had

failed to show that he had found a purchaser who was ready and willing to take the property on the terms and conditions named in the offer, and particularly the terms which provided for the reservation of all mineral deposits and rights.

The case was submitted to the jury in a very able and clear charge, in which the two questions were presented as questions of fact:

*First.* Did the plaintiff know the conditions of Richards' title at the time he entered into the contract?

*Second.* Were Hanson and Michelson ready and willing to accept a conveyance of the property at the price stated, subject to the reservation of all the mineral rights?

The jury found a verdict for the defendant, and the plaintiff brings error.

It is contended that the defense that plaintiff knew of the state of the title was not open under the pleadings; it being asserted that it is in the nature of an affirmative defense. We do not take this view of the defense. The plaintiff asserted that he entered into a certain contract with the defendant. What that contract was depended upon whether the defendant agreed with the plaintiff to convey a full title to the property, or only agreed to convey to the purchaser such title as the plaintiff knew he had. It was a part of the contract, and the defense was not by way of confession and avoidance, and amounted to an assertion that the contract which plaintiff alleged was not the contract which was made between the parties. See *Drake Coal Co.* v. *Croze*, 149 Mich. 60.

It was determined on the former hearing of this case (150 Mich. 25), by the approval of the charge of the circuit judge, that if the plaintiff knew of the condition of this title, he is presumed to have contracted with reference thereto, and could not recover. The testimony in the present case on the part of the defendant tended to show that the customers, Hanson and Michelson, never agreed with plaintiff to become the purchasers of this land subject to the reservation of the mineral rights. It was the

.testimony of one of the parties that he understood that the marl was to be reserved, but no other mineral was included, and the testimony tended to show that they would not have accepted a conveyance reserving in full the mineral rights, with the right to enter upon and explore for the same, and the rights incident to a reservation of the mineral rights. This question became very clearly a question of fact, and it is quite evident from the record that the jury found in favor of the defendant upon this question. The instruction of the circuit judge to the jury very clearly covered the case upon this ground, unless there was error in the instruction complained of, as follows: That the use of the words "mineral" or "minerals," without any qualification, would include both oil and gas, and therefore that a reservation of minerals in place in the earth would include both gas and oil, coupled with the instruction that a reservation of such minerals would imply the right to prospect, explore for, and remove these minerals.

It is contended by the plaintiff, on the authority of *Dunham* v. *Kirkpatrick*, 101 Pa. 43, that the use of the words "all minerals" is not sufficient in a reservation to include petroleum, oil, or gas. So far as our examination goes, this case stands alone. The weight of authority is decidedly in favor of the construction given by the trial judge. A well-considered case is that of *Murray* v. *Allred*, 100 Tenn. 100 (39 L. R. A. 249). In this case the authorities are collected, and need not be here repeated. The reasoning of the court is convincing, and its criticism of the case of *Dunham* v. *Kirkpatrick* is, we think, justified. The ruling of the circuit court upon this point was correct.

Mr. Alexander, the attorney who examined the abstract for Hanson and Michelson, and who made his report to them, was asked why no mention was made of the contents of the deed. His reply was as follows:

"Why, I believe I can; but I want to say, in fairness to all parties, that my recollection is not perfectly clear,

but I have some recollection, and that is that the question of the reservations in the deed had been understood between the parties, and therefore I did not refer to it.  I speak with more confidence because of my habit to call my clients' attention to anything which is unusual in a deed of that kind; and, if there hadn't been an understanding of that kind, I most certainly think I should have called their attention to it."

Upon motion of the defendant's counsel at the close of the testimony, this testimony was stricken out, the court saying that "his answer, being so indefinite as to the source of his information that he might have had—it might have been purely hearsay and unauthorized—that it is not competent evidence for the jury to consider." We think there was no error in this ruling.  There is nothing to indicate the source from which the bare impression which the witness undertook to testify to was derived, and his statement was no evidence to show the fact.

Objection was made to the introduction of a letter addressed to the defendant Richards by Mr. Hanson on the 22d of October, 1901, in which he stated that he would take the lands at $8 per acre, but would want the land, timber and all, and that Mr. Richards might reserve the marl, and containing this language:

"What we want is a straight warranty deed, and we will give you a contract for the marl bed if there is any."

Hanson was a witness for the plaintiff, called for the purpose of showing that Hanson and Michelson were ready to purchase the land at the price of $8,000 as claimed by the plaintiff.  It was also incumbent upon the plaintiff to show that they were ready to accept the land subject to the reservations which the defendant proposed to make. As bearing upon this question, it was competent, in cross-examination, to show this declaration, made by the witness while the negotiations were still pending between him and Richards, as to the terms upon which he was willing to accept a conveyance.  At the most this may be

said to have been harmless error, for Hanson testifies earlier, substantially as stated in this letter, that the reservation which was talked of between himself and Richards, and the only one which he expected he was to be called upon to consent to, was a reservation of the marl.

Error is assigned upon the introduction of a contract between McIntosh and Richards relating to these lands. It is impossible for us to conceive how, if this should be said to be not material, it could, in view of the court's charge to the jury, have been in any way damaging to the plaintiff's case.

On the whole record we are convinced that the plaintiff had a fair trial upon the questions of fact, that the questions involved on this trial were questions of fact resolved by the jury in favor of the defendant, and that no error to plaintiff's prejudice was committed.

The judgment will be affirmed.

BLAIR, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.