# CHARLESTON.

ALAN H. ROBINSON, TRUSTEE *et als v.* WHEELING STEEL &
IRON CO.

(C. C. 328)

Submitted March 10, 1925.   Decided September 8, 1925.

MINES AND MINERALS—*Owner of Coal, Limestone Rock, Ores, and
Minerals Underlying Land Between Stratum Near Top of
Surface and Center of Earth May Use Passageway Formed
in Operation Thereof in Transporting Minerals From
Adjoining Lands.*

> The owner of all the coal, limestone rock, ores and minerals
> underlying land between a stratum near the top of the sur-
> face and the center of the earth, may use the passageways
> formed in the operation thereof in transporting minerals from
> adjoining lands.

>> (Mines and Minerals, 27 Cyc. p. 689 [Anno].)

>> (NOTE: Parenthetical references by Editors, C. J.—Cyc.  Not
>> part of syllabi.)

Case Certified from Circuit Court, Ohio County.

Suit by Alan H. Robinson, trustee, and others against the
Wheeling Steel & Iron Company.   Demurrer to the com-
plaint was sustained, and the trial court certified its ruling.

*Affirmed.*

*Wright Hugus, Henry M. Russell* and *Hubbard & Hub-
bard,* for defendant.

LITZ, JUDGE:

The circuit court certified its ruling sustaining a demurrer
to the bill of complaint which charges that the defendant is
the owner of all the coal, limestone rock, ores and minerals
between the center of the earth and the stratum of cement
rock nine feet, more or less, in thickness located about thirty
feet above the Wheeling vein of coal underlying the surface
of .a certain tract of land in Union District, Marshall county,
containing 142 acres, and the plaintiff is vested with the re-
maining estate ; that the defendant, having mined and removed
from the land the said Wheeling seam of coal, is, without

the consent of the plaintiff, transporting through the passage ways formed by the operation thereof, coal from adjoining lands; and that such use of said passage ways is a continual menace to the stability of the surface and a vein of merchantable coal belonging to the plaintiff lying between the top of the surface and the said passage ways. The theory of the suit is that the defendant, notwithstanding its practical ownership of the land from above the passage ways to the center of the earth, has no right to use these ways for the transportation of coal from other properties.

The cases of *Lillibridge* v. *Lackawanna Coal Company*, 43 Pa. 293, 13 L. R. A. 627, and *Webber* v. *Vogel*, 189 Pa. St. 158, 42 Atl. 4, cited in *Armstrong* v. *Maryland Coal Co.*, 67 W. Va. 589, hold that the owner of a vein of coal may, before it has been exhausted, use tunnels cut through the body thereof for the removal of other coals from adjoining lands.

In *Attebery* v. *Blair*, 244 Ill. 363, 91 N. E. 475, it was decided further that a deed conveying in fee a strip of land for a railroad right-of-way, reserving coal rights, effects a reservation of title to the coal under the land, and the mining rights connected with it, entitling the grantor to mine and remove the coal and use the space thereby created in any way he sees fit.

Under the English law, where the owner of the freehold of inheritance grants the mines, opened as well as unopened, under his land to one, and the land, excepting the mines, to another, the first grantee has the property and exclusive right of possession in the whole space occupied by the layer containing the minerals; and after the minerals are taken out, is entitled to the entire and exclusive user of such space for all purposes. 18 R. C. L. 1150.

Although, as the bill alleges, the defendant may have completely mined and removed from the land the Wheeling vein of coal, it still owns all other seams of coal, limestone rock, ores and *minerals* from the stratum of cement rock, about thirty feet above the passage ways formed from the operation of the Wheeling seam of coal, to the center of the earth.

The term "minerals" in its most enlarged sense may be

described as comprising all the substances which now form or which once formed a part of the solid body of the earth, both external and internal. Bainbridge, Mines, 4th Ed., 1; *Northern Pacific Railroad Co.* v. *Soderberg,* 104 Fed. 425. Mineral is defined by Webster to be any inorganic species having a definite chemical composition. *Marvel* v. *Merrit,* 116 U. S. 11. ''Minerals'', when used in a deed, may include every inorganic substance which can be extracted from the earth for profit. *Williams* v. *South Penn Oil Co.,* 52 W. Va. 181; *Rammage* v. *South Penn Oil Co.,* 94 W. Va. 81; *Horse Creek Land & Mining Co.* v. *Midkiff et als.,* 81 W. Va. 616.

In view of the virtual ownership by the defendant of the land between the center of the earth and the stratum near the top of the surface, we have no doubt of the defendant's right to use the said passage ways in such manner as will not unreasonably interfere with the enjoyment by plaintiff of his interest in the land.

The bill does not set forth any facts to sustain the allegation that the use by the defendant of the said passage ways for the transportation of coal from adjoining lands is a continual menace to the stability of the surface and the vein of merchantable coal belonging to the plaintiff; and such a situation is inconceivable, as the alleged use of the passage ways will necessitate the placing of proper supports to prevent the falling of superincumbent strata. This will protect rather than injure the interest of the plaintiff in the property.

The ruling of the circuit court sustaining the demurrer to the bill will therefore be affirmed.

*Affirmed.*