GEORGE M. WARREN, ET ALS. V. CLINCHFIELD COAL CORPORATION.

June 11, 1936.

Present, All the Justices.

The opinion states the case.

*J. L. Cantwell, Jr.*, for the appellants.

*W. H. Rouse* and *Burns & Wilson*, for the appellee.

*Donald T. Stant*, amicus curiae.

CAMPBELL, C. J.,* delivered the opinion of the court.

Clinchfield Coal Corporation filed its bill of complaint, alleging that it was the owner in fee-simple of all the oil and gas underlying a certain parcel or tract of land in Russell county, Virginia. The bill sets forth the claim of title of complainant and there is no dispute that complainant has title to whatever interest was included in its deed. The fee-simple title to the surface is vested in appellant, George M. Warren, he having obtained same by conveyance from H. R. Kendrick and wife, on the 15th day of September, 1932.

The primary object of the bill is to have the court construe the language contained in the conveyance from Isaac V. Cook and wife and Isaac Hart and wife to Joseph I. Doran and William Dick, predecessors in title of complainant, and to remove the cloud from the title of complainant, due to the execution of a lease by Warren to the Pennsylvania-Ohio Gas Company. The pertinent language is a conveyance of "all the coal and minerals of every description in, upon or underlying" the land in controversy. The deed also included the right to enter upon the land conveyed "for the purpose of digging, mining or otherwise securing the coal and other things on said tracts of land * * * and removing same from off said lands."

Defendant, in his answer, admits all of the allegations of the bill except the allegation that complainant is vested with "all the coal and minerals of every description," which it contends includes oil and gas.

The case was heard upon bill, answer and the depositions of expert witnesses, and a decree was entered adjudging "that the words 'all the coal and minerals of every description in, upon, or underlying' the lands herein involved, as mentioned and described in the original deed

*Due to circumstances over which we had no control, it was necessary to re-assign the writing of this opinion. This accounts for the delay in the decision.

of severance executed by Isaac V. Cook, Phoebe Cook, his wife, and Isaac Hart and Celia Hart, his wife, November 16, 1887, embraced all the petroleum, oil and gas, and that the complainant is now the true and lawful owner of same, * * *;" and that the deed of lease executed by defendant to the Pennsylvania-Ohio Gas Company constitutes a cloud upon the complainant's title to said petroleum, oil and gas.

It is from that decree this appeal was allowed.

Counsel for defendant contend that in construing the deed the court should take judicial notice of the local conditions prevailing at the time of the conveyance to Doran and Dick, and should limit and restrict the meaning of the language employed as of that time.

Whether petroleum, oil and gas are classed as minerals is a question of first impression in Virginia. The weight of authority is to the effect that petroleum, oil and gas are minerals, though there is respectable authority upholding what is known as the "Pennsylvania Doctrine," which lays down a contrary rule. See *Dunham* v. *Kirkpatrick,* 101 Pa. St. 36, 47 Am. Rep. 696.

Complaint is made of the action of the lower court in admitting the evidence of two expert witnesses who testified that in the realm of science oil and gas "in place" are considered minerals. While the final responsibility was upon the court to construe the written instrument, we see no reason to complain of its action in calling to its aid those competent to speak upon the subject.

*In re Buffalo Natural Gas Fuel Company* (C. C.) 73 F. 191, it was held that it was proper to resort to the evidence of scientific experts and other authorities to determine whether or not natural gas was a "crude mineral."

Appellate courts, while in no sense bound by, often rely upon the statements of eminent text writers to sustain views expressed in their decisions.

Taking the deed "by its four corners," there is no doubt that the language thereof clearly indicates a conveyance, not only of coal, but of "all other minerals of every de-

scription." The question then narrows down to this proposition: Are petroleum, oil and gas minerals? In our opinion, the answer must be in the affirmative, unless a contrary meaning or less comprehensive meaning is shown.

In Minor on Real Property (Ribble, 2d Ed.), vol 1, p. 92, we read:

"Thus normally a conveyance or a reservation of minerals will include petroleum, oil and natural gas in place, in the absence of proof of a contrary intent. *Sult* v. *A. Hochstetter Oil Co.,* 63 W. Va. 317, 61 S. E. 307; *Robinson* v. *Wheeling Steel, etc., Co.,* 99 W. Va. 435, 437, 129 S. E. 311; *Norman* v. *Lewis,* 100 W. Va. 429, 432, 130 S. E. 913; *Weaver* v. *Richards,* 156 Mich. 320, 120 N. W. 818; *Murray* v. *Allred,* 100 Tenn. 100, 43 S. W. 355, 39 L. R. A. 249, 66 Am. St. Rep. 740. But see *Preston* v. *South Penn Oil Co.,* 238 Pa. 301, 86 A. 203; *Detlor* v. *Holland,* 57 Ohio St. 492, 49 N. E. 690, 40 L. R. A. 266. Oil and gas in place are treated as part of the realty, passing with the land, unless excepted."

In the American and English Encyclopedia of Law (2d Ed.), vol. 20, p. 683, it is said:

"By the term 'minerals' are meant all the substances in the earth's crust which are sought for and removed by man for the substance itself. It is not limited to metallic substances, * * * and even petroleum and natural gas have been held to be minerals."

In Cyc., vol. 27, page 532, the authorities are collected and this rule announced:

"* * * mineral bodies occur in three physical conditions of solid, liquid, and gas, and although the term [mineral] is more frequently applied to substances containing metals, in its proper sense it includes all fossil bodies or matters dug out of mines, * * *. So where parties do not appear to have intended a different meaning, oil or petroleum, gas, and water are embraced in the term; * * *."

In Corpus Juris, vol. 40, p. 738, it is said:

"Unless it appears that the term was used in a more restricted sense, the term 'mineral' ordinarily embraces oil or petroleum, and natural gas; and has also been held to embrace water."

In 18 R. C. L., section 84, p. 1176, we read:

"Either a grant or exception of 'minerals' will include all inorganic substances which can be taken from the land, and to restrict the meaning of the term, there must be qualifying words or language evincing that the parties contemplated something less general than all substances legally cognizable as minerals."

In Words & Phrases (2d Series), vol. 3, p. 388, the definition is:

"The word 'mineral,' in the popular sense, means those inorganic constituents of the earth's crust which are commonly obtained by mining or other process for bringing them to the surface for profit. *Kansas Natural Gas Co.* v. *Board of Com'rs, etc.,* 75 Kan. 335, 89 P. 750."

In *Weaver* v. *Richards,* 156 Mich. 320, 120 N. W. 818, it was held that in a deed a reservation of all minerals includes oil.

In *Swayne* v. *Lone Acre Oil Co.,* 98 Tex. 597, 86 S. W. 740, 69 L. R. A. 988, 8 Ann. Cas. 1117, it was held that oil, before its extraction, is a mineral.

*Preston* v. *White,* 57 W. Va. 278, 50 S. E. 236, is authority for the doctrine that petroleum, oil and natural gas are minerals, and in their places are real estate. See also, *Sult* v. *A. Hochstetter Oil Co.,* 63 W. Va. 317, 61 S. E. 307; *Robinson et al.* v. *Wheeling Steel & Iron Co.,* 99 W. Va. 435, 129 S. E. 311.

The view that the deed under consideration did not indicate an intention to restrict the meaning of the word "minerals" is fortified by the fact that in the deed of Kendrick to defendant "the mineral rights and privileges heretofore sold and conveyed" were specifically excepted. This language follows the language of prior conveyances

of the surface and clearly indicates that it was not the intention of the parties to limit the exception merely to coal or a similar mineral.

In the absence of any evidence to the contrary, our conclusion is that the deed under which complainant derived title embraces all petroleum, oil, and gas, if any, and the title thereto is in complainant.

The decree of the lower court must be affirmed.

*Affirmed.*

BROWNING, J, dissenting.