**Ralph B. MAJORS et al., Appellants,**

v.

**Howard EASLEY et al., Appellees.**

Court of Appeals of Kentucky.

May 8, 1959.

Rehearing Denied Dec. 4, 1959.

Byron, Sandidge, Holbrook & Craig, Owensboro, for appellants.

Withers & Lisman, Dixon, W. Fred Hume, Providence, Alford & Roszell, Lexington, for appellees.

STANLEY, Commissioner.

This action to quiet title to the oil and gas and other liquid minerals underlying 66 acres of land located in Webster County is to be determined by the construction to be given a deed executed October 19, 1906, by J. B. Ramsey and wife to the Sebree Coal and Mining Company. The adversary claimants derived their respective titles from the grantor and the grantee in that instrument.

The granting clause of the deed (which embraced nine different tracts, aggregating 332 acres) was of "the coal and mineral, with the right and privilege to mine and dig same." The habendum was "To have and to hold the coal and mineral hereby conveyed with the right and privilege to mine and dig same as above stated." An intermediate paragraph of the deed expressly stated that the grantee, "its succes-

sors or assigns has no right whatever, now or hereafter, to enter upon said tracts of land under which this coal and mineral is conveyed, and sink a shaft or slope, or to sink a mine, or dig for coal or mineral in any way from the surface of said land."

The rule of construction of such conveyances prevailing in this jurisdiction is that the conveyance of "minerals" includes oil and gas unless there is found language in the instrument evidencing a contrary intent. McKinney's Heirs v. Central Kentucky Natural Gas Company, 134 Ky. 239, 120 S.W. 314; Sellars v. Ohio Valley Trust Company, Ky., 248 S.W.2d 897.

The appellants point out that the present deed couples "mineral" with "coal," and that it was to be recovered by mining and digging a shaft or slope on other property. They submit that those terms are not used to describe the recovery of oil and gas, and that this is emphasized by the express exclusion of the right to use the surface, which at that time was the only known way of extracting oil and gas. The conditions as to how the mineral should be mined, it is argued, disclose an intention not to convey the oil and gas. Moreover, prior to the execution of this deed, viz., on August 23, 1889, the then owners of the tract had executed deeds conveying to the Owensboro Hawesville Gas and Mineral Company and its successors and assigns "all of the natural gas, mineral oils, salt, salt water and other fluids or gaseous substances, in and under the tract of land." Those instruments expressly excluded "all coal" from the conveyances. These instruments had been duly recorded. Prima facie, the grantor, Ramsey, at the time he executed this conveyance of the "mineral" did not have the right to convey the oil and gas. A similar instrument conveying these inorganic substances to the Owensboro Hawesville Gas and Mineral Company has been held to have been a lease which imported a condition of reasonable development, and that in the absence of such development, the rights granted by the instrument had been abandoned and forfeited. Bardhill v. Sellers, Ky., 298 S.W.2d 5. Therefore, Ramsey, the grantor in the deed now before the court, may well have regarded the prior lease or conditional conveyance to have been of no effect.

The construction of the term "mineral" in a deed similar to the present one was fully considered in Sellars v. Ohio Valley Trust Company, supra, Ky., 248 S.W.2d 897, and the conclusion reached that it included oil and gas. This court concurs in the opinion of the trial court that this case is ruled by the Sellars opinion.

The judgment is affirmed.