Present: Lemons, C.J., Mims, McClanahan, Powell, and Kelsey, JJ., and Russell and Millette, S.JJ.

NELLA KATE MARTIN DYE

v. Record No. 150282

CNX GAS CO., LLC, ET AL.

OPINION BY
JUSTICE ELIZABETH A. McCLANAHAN
April 21, 2016

FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

Nella Kate Martin Dye filed a declaratory judgment action seeking a determination that the term "minerals" used in two severance deeds executed in 1886 and 1887 did not effect a conveyance of the natural gas and coal bed methane (collectively "gas") underlying her land. Relying upon Warren v. Clinchfield Coal Corp., 166 Va. 524, 186 S.E.2d 20 (1936), the circuit court held that the term "minerals" included the gas as a matter of law and sustained demurrers to Dye's original and amended complaints. On appeal, Dye argues that the circuit court erred because the term "minerals" was ambiguous and extrinsic evidence would have shown that the grantors in those deeds did not intend to convey the gas. Because we agree with the circuit court, we affirm.

I. BACKGROUND

As alleged in her original complaint, Dye is a successor in title to property interests retained by the grantors in the disputed severance deeds, which are attached as exhibits to the complaint and incorporated therein by reference. In the 1886 deed, the grantor conveyed "all the coal and minerals" underlying a certain 289-acre tract located in Buchanan and Russell Counties. In the 1887 deed, the grantors conveyed "all the coal & other minerals" underlying a certain 280-acre tract also located in those counties. It is further alleged that appellee Buckhorn Coal Co., LP ("Buckhorn"), as the successor in title to the property interests conveyed to the same grantee

in each of those two deeds, owns "the coal and certain minerals underlying the [two] tracts," and has "purported[ly]" leased "certain oil and gas rights on the property, including the coal bed methane," to appellee CNX Gas Company, LLC ("CNX"). However, according to the complaint, Dye owns the gas underlying a portion of the two tracts, consisting of approximately 261 acres, which she acquired in 1961. This is based on her allegation that the term "minerals" as used in the severance deeds was not intended to "sever or convey" the gas. Dye thus requested a declaration by order of the circuit court to that effect.

Buckhorn and CNX filed demurrers to Dye's complaint. Citing <u>Warren</u>, they asserted that it has long been settled under Virginia law that a conveyance of all "minerals," as set forth in the disputed severance deeds, includes the gas. Therefore, they argued, the complaint was deficient as a matter of law and should be dismissed. Dye argued in response that the deeds were ambiguous as to whether the conveyances of "minerals" included the gas, thus entitling her to present extrinsic evidence to prove that was not the grantors' intent when the deeds were executed, respectively, in 1886 and 1887.

The circuit court ruled as a matter of law that the severance deeds conveyed the gas, and sustained the demurrers. In a letter opinion, the circuit court reasoned that these mineral conveyances were materially indistinguishable from the mineral conveyance at issue in <u>Warren</u>, where this Court held that a conveyance of "'all the coal and minerals of every description'" in a severance deed for property in Russell County executed in 1887 included the "petroleum, oil and gas [as] minerals." 166 Va. at 525-527, 186 S.E. at 21. Underlying the circuit court's ruling was its determination that the severance deeds in the present case, like the one in <u>Warren</u>, were unambiguous. That is, the court found nothing within the "'four corners'" of the deeds "to show

2

'a contrary meaning or less comprehensive meaning'" of the term "'minerals'" (quoting Warren, 166 Va. at 527, 186 S.E. at 22).

Dye subsequently filed an amended complaint after the circuit court granted her motion for leave to amend.[1] Buckhorn and CNX filed demurrers to the amended complaint, asserting the same grounds as they did when demurring to the original complaint. By final order, the circuit court sustained the demurrers for the reasons stated in its earlier letter opinion and dismissed the action. This appeal followed.

## II. ANALYSIS

The purpose of a demurrer is to determine whether a complaint states a cause of action upon which the requested relief may be granted. Code § 8.01-273; Collett v. Cordovana, 290 Va. 139, 144, 772 S.E.2d 584, 587 (2015). Because the decision to sustain a demurrer presents an issue of law, we review the circuit court's judgment de novo. Id.

The strictly legal issue presented here concerns the proper construction of the disputed severance deeds, which includes deciding whether the deeds are ambiguous. See Wetlands America Trust, Inc. v. White Cloud Nine Ventures, L.P., 291 Va. 153, 160, 782 S.E.2d 131, 135 (2016) (such an issue "'is not one of fact but of law'" (quoting Langman v. Alumni Ass'n of the Univ. of Va., 247 Va. 491, 498, 442 S.E.2d 669, 674 (1994))). The settled rule is that if, in construing a deed, we determine it "is plain and unambiguous, we are 'not at liberty to search for its meaning beyond the instrument itself.'" Id. (quoting Virginia Elec. & Power Co. v. Northern Va. Reg'l Park Auth., 270 Va. 309, 316, 618 S.E.2d 323, 326 (2005)). For the reasons explained

---

[1] The amended complaint added a new paragraph that consisted mostly of argument; included a few allegations about the history of the coal and gas industry in the region; and incorporated an exhibit reciting language allegedly used for the conveyance of various mineral interests, including gas, in a list of severance deeds executed in the late 1800's and recorded among the land records of Buchanan, Dickenson, Russell, Tazewell and Wise Counties.

below, this rule applies equally here.  Accordingly, we must decide whether, under Warren, the term "minerals" in the severance deeds unambiguously included the gas as a matter of law and we conclude that it did, as the circuit court ruled.

In Warren, this Court addressed as an issue of first impression in Virginia whether a conveyance of "minerals" in a severance deed included the petroleum, oil and gas.  166 Va. at 526, 186 S.E. at 21.  The Court determined as an initial matter that from its "'four corners'" the deed clearly conveyed not only all of the coal, but also "'all other minerals of every description.'"  Id.  Thus, the Court explained, the dispositive question "narrows down to this proposition: Are petroleum, oil and gas minerals?"  166 Va. at 527, 186 S.E. at 21.  The Court concluded that "the answer must be in the affirmative, unless a contrary meaning or less comprehensive meaning is shown."  166 Va. at 527, 186 S.E. at 21-22.  Finding no such showing from the language of the deed, the Court held that the conveyance of all the "minerals" included the petroleum, oil and gas.  166 Va. at 527-29, 186 S.E. at 21-22.

The Court there adopted what was then, and has continued to be, the overwhelming majority rule to the effect that a conveyance, exception or reservation of "minerals" in a severance deed includes the oil and gas, absent other language in the deed indicating a different intention or extrinsic evidence indicating a different intention where there is sufficient ambiguity in the deed to permit the introduction of such evidence.  166 Va. at 526-28, 186 S.E. at 21-22.[2]

---

[2] See generally Eastern Mineral Law Foundation, Proceedings of the Fifth Annual Institute § 10.04 (Cyril A. Fox, Jr. & Patrick C. McGinley eds., 1984) (citations omitted):

> [T]here is little doubt in most jurisdictions that oil and gas themselves are "minerals" or "other minerals" in the absence of a demonstrated contrary intent. The majority rule on both sides of the Mississippi is that oil and gas are unambiguously "minerals" in grants or reservations, whether of "all minerals" or of certain named minerals and "other minerals"; therefore, extrinsic evidence of a different actual intent may not be considered unless there is some indication of an intent to exclude oil and gas on the face of the instrument.

In adopting the majority rule, the Court in <u>Warren</u> cited with approval, among other authorities, the following: <u>Weaver v. Richards</u>, 120 N.W. 818, 819 (Mich. 1909) (reservation of "minerals" in deed "without any qualification" included the oil and gas); <u>Murray v. Allred</u>, 43 S.W. 355, 356-61 (Tenn. 1897) (reservation of all "minerals" included the oil and gas as a matter of law); <u>Sult v. Hochstetter Oil Co.</u>, 61 S.E. 307, 310-11 (W. Va. 1908) (reservation of all "minerals" included the oil and gas where nothing in deed "suggest[ed] a restricted or qualified meaning"); 27 Cyclopedia of Law and Procedure, <u>Mines & Minerals</u> 533-34 (William Mack ed., 1907) (the term "'mineral'" includes the oil and gas "'where parties do not appear to have intended a different meaning'"); 18 Ruling Case Law § 85, at 1176 (William M. McKinney & Burdett A. Rich, eds., 1917) ("'Either a grant or exception of 'minerals' will include all inorganic substances which can be taken from the land, and to restrict the meaning of the term, there must be qualifying words or language evincing that the parties contemplated something less general than all substances legally cognizable as minerals.'" (citations omitted)). <u>Warren</u>, 166 Va. at 526-28, 186 S.E. at 21-22. <u>See also, e.g.</u>, <u>Shell Oil Co. v. Dye</u>, 135 F.2d 365, 368-69 (7th Cir. 1943) (applying majority rule); <u>Union Pac. Land Resources Corp. v. Moench Inv. Co.</u>, 696 F.2d 88 (10th Cir. 1982) (same); <u>McCormick v. Union Pac. Resources Co.</u>, 14 P.3d 346, 348-354 (Colo. 2000) (same); <u>Majors v. Easley</u>, 328 S.W.2d 834, 835 (Ky. 1959) (same); <u>Bulger v. McCourt</u>, 138 N.W.2d 18, 22-23 (Neb. 1965) (same); <u>Bruen v. Thaxton</u>, 28 S.E.2d 59, 62-65

---

<u>See also</u> 3A Nancy Saint-Paul, Summers Oil and Gas § 35:4.70 (3rd ed. 2015) ("The courts are practically unanimous in holding that oil and gas are 'minerals' in the broad sense in which that term is used. These decisions fix a common standard of meaning of the term, and it is the majority rule that a conveyance or exception of minerals includes the oil and gas." (citations omitted)); C.C. Marvel, Annotation, <u>Oil and Gas as "Minerals" within Deed, Lease, or License</u>, 37 A.L.R.2d 1440 (1954, rev. 2015) (compiling cases addressing whether oil and gas are included as "minerals" as term is used in various types of instruments).

(W. Va. 1943) (same); but see Dunham v. Kirkpatrick, 101 Pa. 36, 43-44 (1882) (cited in Warren for minority rule that oil and gas are not "minerals").

We here reaffirm the holding in Warren and conclude, based upon this established doctrine, that the two severance deeds at issue in this case conveyed the gas as a matter of law. For the two respective tracts, the grantor in the 1886 deed conveyed "all the coal and minerals" and the grantors in the 1887 deed conveyed "all the coal & other minerals." The word "all" plainly modifies the word "minerals" as well as the word "coal" in both of these deeds. In this regard, we reject Dye's argument that these deeds are distinguishable from the one at issue in Warren because it used more "expansive language" by conveying "'all the coal and minerals of every description.'" Warren, 166 Va. at 526-28, 186 S.E. at 21-22 (emphasis added). There is nothing in Warren, nor in any other case that we have found applying the majority rule, to indicate that the words "'of every description'" is anything more than mere surplusage as relates to the conveyance of the gas when the "minerals" are otherwise conveyed without limitation.[3]

Thus, the term "minerals" in the instant severance deeds effected conveyances of the gas, absent some other language in the deeds indicating a different intent or creating sufficient ambiguity to permit the introduction of extrinsic evidence. We find no such language in the deeds, Dye's assertions of ambiguity notwithstanding. Dye points specifically to the language in the deeds addressing the "mining" rights provided to the grantees in conjunction with the conveyances of all the coal and other minerals; and to the absence of language relating

---

[3] Dye's significant reliance upon Beury v. Shelton, 151 Va. 28, 144 S.E. 629 (1928) as authority for how we should construe the term "minerals" in a severance deed is misplaced. The issue there was whether the reservation of "minerals" included a reservation of limestone where the deed conveyed the surface to the grantees. Because the removal of the limestone would have destroyed the surface, the Court held that had a reservation of the limestone been intended, "it seems rather clear that it would have been done explicitly." Id. at 42, 144 S.E. at 633. That is not the case with the removal of oil and gas.

6

specifically to equipment and mechanisms involved in the collect and transfer of gas. But both of these deeds generally grant to the grantees the right to enter upon, over and under the subject lands for the "purpose of mining and removing" all of the coal and other minerals conveyed therein. In this regard, as with their mineral conveyancing language, these deeds are materially indistinguishable from the deed in Warren, which provided that the conveyance of all the coal and other minerals "included the right to enter upon the land conveyed 'for the purpose of digging, mining or otherwise securing the coal and other things on said tracts of land . . . and removing same from off said lands.'" 166 Va. at 525, 186 S.E. at 21. Further, the deed in Warren also did not mention any of the equipment and mechanisms involved in collecting and transferring the underlying gas. See Amoco Prod. Co. v. Guild Trust, 636 F.2d 261, 266 (10th Cir.1980) ("[T]he deed term 'other minerals' includes oil and gas as a matter of law, notwithstanding the references to 'mines' or 'mining' contained in the reservation."); Sellars v. Ohio Valley Trust Co., 248 S.W.2d 897, 899-90 (Ky. 1952) ("[T]he fact that the conveyance [of 'all the coal and other minerals' underlying the subject tract] couples with the grant an easement which relates to the recovery only of coal and other solid minerals is not of itself sufficient disclosure of an intention to exclude the conveyance of oil and gas." (citation omitted)).

Accordingly, like the circuit court, we find nothing within the "'four corners'" of the instant severance deeds "to show 'a contrary meaning or less comprehensive meaning'" of the term "'minerals'" such as would exclude conveyances of the gas. Warren, 166 Va. at 527, 186 S.E. at 22. The circuit court thus correctly sustained the demurrers to Dye's complaint and amended complaint.

### III. CONCLUSION

For the reasons stated above, we affirm the judgment of the circuit court.

7

Affirmed.