**S. W. BARDHILL et al., Appellants,**

v.

**A. R. SELLERS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 14, 1956.

Rehearing Denied Feb. 22, 1957.

Duncan & Huddleston, Bowling Green, Robert E. Humphreys, Jr., Owensboro, for appellants.

George S. Clay, Henderson, Bert C. Cheatham, Evansville, Ind., for appellees.

CULLEN, Commissioner.

The circuit court held that a certain instrument of conveyance of oil and gas under a tract of 152 acres in Webster County, executed in 1889, was a "lease" rather than a "deed," to the extent that there was an implied condition of reasonable development of the oil and gas. There not having been any development for a period of more than 50 years, the court adjudged that the rights conveyed by the instrument had been abandoned and forfeited, and that the successors in interest to the original grantee in the instrument had no title to the gas and oil. Those successors in interest are the appellants here. The appellees are the successors in title to the owner of the original tract of land, and a lessee of theirs.

The 1889 instrument read as follows:

"Know all men by these presents that T. A. Rideout and Franey Rideout, his wife of the County of Webster and State of Kentucky for and in consideration of 43 shares of the capital stock of the Owensboro Hawesville Gas & Mineral Company fully paid up and nonassessable, of the par value of one hundred dollars each do hereby sell and convey to the said Owensboro Hawesville Gas and Mineral Co. its successors and assigns all of the natural gas, mineral oils, salt, salt water and other fluids or gaseous mineral substances in and under the tract of lands hereinafter described and we also release, grant and convey to the said corporation and its successors and assigns all necessary rights of way for searching for minerals or any of them and the right to construct, erect and use any and all fixtures pipeways and all necessary machinery for utilizing the same, on said real estate conditioned however, that the said company shall within two years from this date bore at least one well on the property of said company. To have and to hold unto the said Owensboro Hawesville Gas & Mineral Company and their successors and assigns forever, the rights, privileges and property below described, provided that should the said company fail to perform the conditions herein stated, then in that event the said rights, privileges and properties shall revert to the said grantor * * * (Description of the two tracts is omitted.) * * * Coal is not included in the above lease. Witness our hands this the 23rd day of August 1889."

Around the time the Rideout instrument was executed, the Owensboro Hawesville Gas & Mineral Company obtained similar conveyances from other property owners in Webster County, covering in all between 4,000 and 5,000 acres. Except for a small amount of drilling equipment which the company had purchased on the personal credit of its promoters, the company had no assets other than the "leases" on the Webster County land. In 1890 the company drilled two "dry" gas wells on the Rideout land, and then in 1891 the company became insolvent, made an assignment of its assets, and was dissolved. All of the "leases" were assigned to one Hampton for a total sum of $25, and for more than 50 years there was no attempt to develop the gas and oil. The present appellants claim through Hampton.

As a matter of fact, the company never issued any capital stock, and the Rideouts did not receive the stock specified in their conveyance as the consideration.

■ We construe the opinions in Eastern Kentucky Mineral & Timber Co. v. Swann-Day Lumber Co., 148 Ky. 82, 146 S.W. 438, 46 L.R.A.,N.S., 672, and Kentucky Rock Asphalt Co. v. Milliner, 234 Ky. 217, 27 S.W.2d 937, as standing for the proposition that in the case of a conveyance of mineral rights, an implied condition of reasonable development will be read into the conveyance, unless there is an immediate valuable consideration paid to the grantor, as distinguished from a consideration dependent solely upon the election of the grantee as to future activity. As said in the Swann-Day case, 146 S.W. at page 441: "We do not think any court should give to a contract like this such a construction as should place it in the power of the grantee, without any loss, outlay or disadvantage, to take, keep, and hold indefinitely valuable property rights in the manner attempted in this case."

■ In the case before us, the consideration recited in the Rideout conveyance had no present value, and never would have any value except when and if the company chose to engage in development of its "leases". Accordingly, we think the circuit court properly read into the conveyance an implied condition of reasonable development.

It may be that the condition would have been satisfied by development of any of the company's "leases", but that was not done.

The judgment is affirmed.