**Ralph MOORE, Appellant,**

v.

**Calvin NICKLES et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1971.

James Bates, Dry Creek, Paul E. Hayes, Prestonsburg, for appellant.

Joe P. Tackett, Prestonsburg, Clark Pratt, Hindman, for appellees.

PALMORE, Judge.

In May of 1967 the appellant, Ralph Moore, induced the several heirs of one Wyatt Martin (hereinafter called the Martin heirs) to execute six documents purporting to convey Moore the coal rights in a tract of land owned by Martin at his

death. The Martin heirs brought this suit against Moore to cancel these instruments on the ground of fraud. Moore appeals from a judgment in their favor.

■ A great deal of testimony was taken on the fraud issue. It comprises some 300 pages of the record before this court. However, the chancellor did not consider that issue. The basis of his judgment was that "each of said documents contains elements of a coal lease which takes them out of the category of deeds," and that since there was no obligation on the part of Moore to mine the coal within any stated period of time they were unilateral, unenforcible instruments. Our conclusion is that they are conveyances and that the fraud issue will have to be resolved by the trial court.

Each separate set of grantors alleged in the complaint that Moore brought to them a document which he represented to be a coal lease but they later learned was a deed, and that he procured their signatures by certain misrepresentations. The single demand is that the instruments be cancelled. There is no prayer for a reformation.

The six instruments were substantially alike except for the names of the different sets of grantors. They appear to have been adapted from a standard warranty deed form issued by a commercial printing company in Louisville. The following is an example:

"THIS DEED OF CONVEYANCE, made and entered into this 22nd day of May, 1967, between Tandy Martin, Susie Martin, B. V. Moore, Melvine Moore, parties of the first part, and Ralph Moore, party of the second part, witnesseth: That said parties of the first part for and in consideration of the sum of $1.00 cash in hand paid and $100.00 to be paid for each acre mined on the basis of one eighth of the total amount mined as their part may be, the receipt of which is hereby acknowledged, does hereby sell and convey to the party of the second part, his heirs and assigns, the following described property, to-wit: A certain tract or parcel of coal lying in Knott County, Kentucky, on Right Beaver Creek and being same land conveyed to the first parties by inheritance Benjamin Martin Son of Wyatt Martin, by deed bearing date January 12, 1880, which is duly recorded in deed book K, page 356, Floyd County Court Clerk's office, containing ⅛ of 500 acres, more or less.

"The first parties grant and convey all the coal in on and under the tract of land hereafter described. Being their undivided interest in and to the coal hereby conveyed the oil and gas is excepted.

"The first parties grant and convey unto the second party his heirs or assigns such rights and use in the surface as may be necessary reasonable and incidental to the mining operation and removal of the coal hereby conveyed and the rights and use of the land ingress, egress, regress for any other coal mineral now owned or hereafter acquired all without further payment by the grantee his heirs or assigns."

[Description]

"The first parties grant, sell and convey all the benefits royalties, to any coal already mined or is hereafter mined by paying the $100.00 per acre on the basis of one eighth of the total mined and adjudged to them.

"To have and to hold the same, together with all appurtenances thereunto belonging unto the party of the second part his heirs and assigns forever. And the said party of the first part hereby covenants with the said party of the second part, that they will warrant the title to the property hereby conveyed unto the said party of the second and his heirs and assigns, forever.

"In testimony whereof, the party of the first part has hereunto subscribed their names, the day and year aforesaid."

[Signatures]

■ It is a recognized principle that if the only substantial consideration for a conveyance of mineral rights is a share of the contemplated future production there may be an implied condition requiring the grantee to begin development within a reasonable time. See Eastern Kentucky Mineral & Timber Co. v. Swann-Day Lumber Co., 148 Ky. 82, 146 S.W. 438, 46 L.R.A.,N.S., 672 (1912); Kentucky Rock Asphalt Co. v. Milliner, 234 Ky. 217, 27 S.W.2d 937 (1930); Bardhill v. Sellers, Ky., 298 S.W.2d 5 (1957). This, however, is not a suit to declare the instruments forfeited on the ground of failure to develop. In fact, it was filed within less than six months after they were executed.

■ The brief submitted for the Martin heirs does not challenge Moore's contention that each instrument on its face is a conveyance of the coal in place. Their defense of the judgment is limited to the argument that if it was based upon an erroneous theory it may be affirmed anyway if there is another ground on which it could properly be sustained. They contend, in effect, that if a review of the evidence indicates the chancellor could have found fraud and set the instruments aside on that ground the judgment should be affirmed. The trouble with this argument is that we are not a trial court, and it is not within our province to pass on the evidence except to evaluate its procedural effect—that is, to say what it permits or demands as against what the trial court has done with it. Since the trial court thus far has taken no action with respect to the evidence, it is not ready for this court to evaluate.

A good many cases are cited for the general proposition that if a judgment can be upheld on another ground it is immaterial that it was entered on the basis of one that was erroneous. See, for example, Withers v. Pulaski County Board of Education, Ky., 415 S.W.2d 604, 606 (1967). Perhaps a better way to state the principle is to say

that if the judgment is legally correct it does not make any difference how the trial court arrived at it. In still other words, it would be useless to set aside a judgment on the ground that it was entered for an incorrect reason when it would have to be re-entered for another and valid reason. As we construe the rule, it should be rooted in the fundamental premise that such an error is harmless because as a matter of law the same judgment would follow in any event. Otherwise this court would be required to exercise in the first instance a function which, except in original proceedings, is denied to it by § 110 of the Constitution.

When there are no preliminary findings and conclusions to disclose the process by which a judgment is reached, as was often the case before (and sometimes since) the advent of CR 52, and the record does not otherwise enlighten the appellate court in that respect, it is necessary to indulge the presumption that the trial court chose the right reasons, and if any navigable channel can be found through which the vessel could have sailed safely home the judgment is sustained. See, for example, Curry v. Farmers Livestock Market, Ky., 343 S.W.2d 134, 138 (1961). But that unsatisfactory approach, which was intended to be and should be now outmoded, is not to be confused with the harmless error rationale under which if a judgment should have been premised on one ground but actually was put on another it should not be disturbed. The dispositive point here is that an appellate court cannot decide an appeal on the basis of what the trial court could have done or might have done had it been so inclined. In short, we cannot make a finding of fact on the issue of fraud in this case.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.